UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | Chapter 11 |
| | ) | |
| GIORDANO'S ENTERPRISES, INC., *et al* | ) ) | Case No. 11-06098 (Jointly Administered) |
| | ) | |
| Debtors. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | Date:  May 25, 2011 |
| | ) | Time:  9:30 a.m. |

### ORDER APPROVING AMENDMENTS
### TO DEBTOR-IN-POSSESSION LOAN AGREEMENT AND AMENDING
### FINAL CASH COLLATERAL/DEBTOR IN POSSESSION FINANCING ORDER

This matter coming on to be heard on the motion (the "Motion") of Philip V. Martino, the duly appointed and serving Chapter 11 trustee (the "Trustee") for the estates of Giordano's Enterprises, Inc., and the other thirty-two (32) above captioned debtor (collectively, the "Debtors") requesting that this Court enter an order: (1) approving that certain First Amendment to Debtor-In-Possession Loan Agreement dated March 15, 2011, and that certain Second Amendment to Debtor-In-Possession Loan Agreement dated May 25, 2011 and (2) amending the Order Authorizing Debtors to: (A) Use Cash Collateral; (B) Incur Postpetition Debt; and (C) Grant Adequate Protection and Provide Other Relief To Fifth Third Bank (Docket No. 103, the "Final Cash Collateral/DIP Financing Order"); notice of the Motion being sufficient under the circumstances; the Court having examined the Motion, being fully advised of the relevant facts and circumstances surrounding the Motion, and having completed a hearing on the Motion; and objections, if any, having been withdrawn, resolved or overruled by the Court;

### THE MOTION IS GRANTED AND IT IS HEREBY ORDERED THAT:

1.    The First Amendment to Debtor-In-Possession Loan Agreement dated March 15, 2011, a copy of which is attached hereto as Exhibit A, is hereby approved in its entirety.

2.     The Second Amendment to Debtor-In-Possession Loan Agreement dated May 25, 2011, a copy of which is attached hereto as <u>Exhibit B</u>, is hereby approved in its entirety.

3.     Clause 2 of Paragraph 3(b) the Final Cash Collateral/DIP Financing Order is hereby amended to replace the reference to "$2,500,000" with "$3,500,000 <u>plus</u>, in Lender's discretion, such other amounts to the extent necessary to repay interest, fees, costs and other charges payable to Lender under the Postpetition Credit Agreement and to enable Debtors to pay the Carveout".

4.     Paragraph 10 of the Final Cash Collateral/DIP Financing Order is hereby amended and restated in its entirety as follows:

"10.     <u>Sale Milestones</u>.  To effectuate a sale process for all or substantially all of the Debtors' assets (the "<u>Sale</u>"), Debtors shall comply with the following sale milestones (the "<u>Sale Milestones</u>"):

(a)     <u>Investment Banker</u>.  Debtors shall obtain, in consultation with the Committee, on or before May 31, 2011, one or more Court orders approving the retention of a nationally recognized investment banker ("<u>Investment Banker</u>") acceptable to Lenders, pursuant to an engagement letter and a retention order the terms and conditions of which are acceptable to Lenders, for the purpose of selling the Debtors' businesses on or before August 24, 2011.

(b)     <u>Teaser Memo</u>.  On or before June 10, 2011, Investment Banker shall distribute a memorandum, in form and substance satisfactory to Lenders, to notify and generate interest among potential purchasers with respect to the Sale.

(c)     <u>Data Room</u>.  On or before June 14, 2011, Investment Banker shall establish a substantially complete data room.

(d)     <u>Offering Memorandum</u>.  On or before June 24, 2011, Investment Banker shall distribute an offering memorandum regarding Debtors' assets and businesses, in form and substance acceptable to Lenders, to potential purchasers.

(e)     <u>Letters of Intent</u>.  On or before July 12, 2011, Debtors shall have delivered to Lenders one or more letters of intent or other written indications of interest from prospective purchasers regarding the Sale, in form and substance acceptable to Lenders.

(f)     <u>Form Asset Purchase Agreement</u>.  On or before July 26, 2011, Debtors shall have delivered to Lenders a form of asset purchase agreement, in form and substance acceptable to Lenders, to be proposed by Debtors to potential purchasers to govern the Sale. The Committee shall be entitled to review and comment upon the form asset purchase agreement prior to such deadline.

(g)   <u>Sale Motion</u>.   On or before August 5, 2011, Debtors, in consultation with the Committee, shall file one or more motions or a joint plan of reorganization with the Court seeking approval of the Sale in accordance with a form asset purchase agreement acceptable to Lenders, and seeking approval of bidding procedures acceptable to Lenders.

(h)   <u>Sale Procedures</u>.   On or before August 22, 2011, Debtors, in consultation with the Committee, shall obtain one or more Court orders approving the procedures for the sale of all or substantially all of the Debtors' assets, which procedures shall be in form and substance satisfactory to Lenders.

(i)   <u>Auction</u>.  On or before September 7, 2011, Debtors, in consultation with the Committee, shall conduct one or more auctions for the sale of all or substantially all of the Debtors' assets.

(j)   <u>Sale Order</u>.   On or before September 14, 2011, Debtors, in consultation with the Committee, shall obtain one or more orders of the Court approving the sale of all or substantially all of the Debtors' assets, which order shall be in form and substance satisfactory to Lenders.

(k)   <u>Sale Closing</u>.   On or before September 23, 2011, Debtors, in consultation with the Committee, shall consummate one or more sales of all or substantially all of the Debtors' assets, on terms and conditions satisfactory to Lenders.

The Debtors and Lenders may agree to extend the foregoing Sale Milestones, upon providing notice to the Committee, without the need of further notice and hearing or order of this Court (other than a notice of such amendment or modification to be filed with this Court). Further, Lender shall be the only party entitled to claim that an Event of Default has occurred as a result of Debtors' breach of any Sale Milestone."

5.    The definition of "Carveout" set forth on Exhibit A to the Final Cash Collateral/DIP Financing Order is hereby amended by amending and restating clause (b) thereof as follows:

"(b) with respect to each Carveout Professional, the allowed fees and disbursements as may be awarded by the Court to such Carveout Professional from time to time pursuant to Code §§ 328 or 330, in the aggregate amount set forth in Paragraph 6 of this Order; <u>provided</u>, <u>however</u> that the Carveout with respect to William Blair & Company, L.L.C. ("<u>Blair</u>") and Hilco Real Estate, LLC ("<u>Hilco</u>") shall not exceed an aggregate amount equal to the lesser of (i) the amounts payable under (x) the Engagement Letter dated May 19, 2011 by and among Blair and certain of the Debtors, and (y) the Engagement Letter dated May 19, 2011 by and among Hilco and certain of the Debtors; and (ii) an aggregate amount equal to that agreed to in writing by Blair, Hilco and Lender."

-3-

6.      The definition of "Carveout Professionals" set forth on Exhibit A to the Final Cash Collateral/DIP Financing Order is hereby amended and restated in its entirety as follows: "*Carveout Professionals*. Arnstein & Lehr LLP (through May 12, 2011), Development Specialists, Inc., Freeborn & Peters LLP, William Blair & Company, L.L.C., Hilco Real Estate, LLC, Phil Martino, as Trustee, Quarles & Brady LLP, as counsel to the Trustee, and the United States Trustee".

7.      The definition of "Change in Control Event" set forth on Exhibit A to the Final Cash Collateral/DIP Financing Order is hereby amended by (i) replacing "March 31, 2011" with "May 31, 2011" in clause (b) thereof; (ii) replacing "August 24, 2011" with "September 23, 2011" in clause (b) thereof; and replacing "August 24, 2011" with "September 23, 2011" in clause (m) thereof; provided, however, that the amendment set forth in this Paragraph 7 shall only become effective upon the entry of an order by this Court approving the Debtors' retention of William Blair & Company on terms and conditions acceptable to Lender, which order shall have become a final order.

8.      The definition of "DIP Commitment" set forth on Exhibit A to the Final Cash Collateral/DIP Financing Order is hereby amended and restated as follows: "$37,141,686.73 plus, in Lender's discretion, such other amounts to the extent necessary to repay interest, fees, costs and other charges payable to DIP Lender hereunder and to enable Borrowers to pay the "Carveout" required and defined under the Final Financing Order"

9.      Clause (d) of the definition of "Termination Date" set forth on Exhibit A to the Final Cash Collateral/DIP Financing Order is hereby amended by replacing the reference to "August 24, 2011" with "September 23, 2011".

10.     The definition of "Trustee" set forth in Exhibit A to the Final Cash Collateral/DIP Financing Order is hereby amended and restated in its entirety as follows: "*Trustee*. Philip V. Martino, or any other trustee appointed or elected in the Cases."

11.     Except as expressly set forth herein, the terms of the Final Cash Collateral/DIP Financing Order are not altered and remain in full force and effect.

12.     The terms of this Order were negotiated in good faith and at arm's length, and the Postpetition Debt (as amended hereby) has been extended in good faith, as that term is used in Section 364(e) of the Bankruptcy Code, and the Postpetition Debt (as amended hereby) is entitled to the protections of Section 364(e) of the Bankruptcy Code.

DATED:  **2 7 MAY 2011**

_____
United States Bankruptcy Judge

<u>Exhibit A</u>

**First Amendment to Debtor-in-Possession Loan Agreement**

[see attached]

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| GIORDANO'S ENTERPRISES, INC., *et al.*, | ) | Case No. 11 - 06098 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Eugene R. Wedoff |
| | ) | |

## FIRST AMENDMENT TO DEBTOR-IN-POSSESSION LOAN AGREEMENT

9490226.1

# FIRST AMENDMENT TO DEBTOR-IN-POSSESSION LOAN AGREEMENT

This FIRST AMENDMENT TO DEBTOR-IN-POSSESSION LOAN AGREEMENT dated as of March 15, 2011 (this "Amendment") is by and among GIORDANO'S ENTERPRISES, INC., an Illinois corporation ("GEI"), GIORDANO'S FRANCHISE, INC., an Illinois corporation ("Franchise"), GIORDANO'S OF FLORIDA, INC., an Illinois corporation ("GFI"), GIORDANO'S RESTAURANTS, INC., an Illinois corporation ("GRI"), GIORDANO'S FAMOUS STUFFED PIZZA, INC., an Illinois corporation ("GFSP"), AMERICANA FOODS, INC., an Illinois corporation ("AFI"), PIZZA PIZAZZE, INC., an Illinois corporation ("PPI"), GIORDANO'S, LLC, a Delaware limited liability company ("GEI LLC"), JBA EQUIPMENT FINANCE, INC., an Illinois corporation ("JBA"), OAKBROOK PARTNERS, LLC, an Illinois limited liability company ("Oakbrook"), RANDOLPH PARTNERS, LLC 20-24 SERIES, a series of a Delaware limited liability company ("RP20-24"), RANDOLPH PARTNERS, LLC - 327 SERIES, a series of a Delaware limited liability company ("RP327"), RANDOLPH PARTNERS, LLC – LAKE STREET SERIES, a series of a Delaware limited liability company ("RP Lake Street"), RANDOLPH PARTNERS, LLC – FORMOSA SERIES, a series of a Delaware limited liability company ("RP Formosa"), RANDOLPH PARTNERS, LLC – MINOOKA SERIES, a series of a Delaware limited liability company ("RP Minooka"), RANDOLPH PARTNERS, LP, a Delaware limited partnership ("RPLP"), RANDOLPH PARTNERS, LLC – 740 SERIES, a series of a Delaware limited liability company ("RP740"), RANDOLPH PARTNERS, LLC – 308 SERIES, a series of a Delaware limited liability company ("RP308"), RANDOLPH PARTNERS, LLC, a Delaware limited liability company ("RP LLC"), RANDOLPH PARTNERS, LLC – OGDEN OSWEGO SERIES, a series of a Delaware limited liability company ("RP Ogden Oswego"), RANDOLPH PARTNERS, LLC –1425 SERIES, a series of a Delaware limited liability company ("RP 1425"), RANDOLPH PARTNERS, LLC – MOUNT PROSPECT SERIES, a series of a Delaware limited liability company ("RP Mt. Prospect"), BELMONT PIZZA, INC., an Illinois corporation ("Belmont Pizza"), RUSH PIZZA, INC. , an Illinois corporation ("Rush Pizza"), GREEKTOWN PIZZA, INC., an Illinois corporation ("Greektown Pizza"), ROSEMONT PIZZA, INC., an Illinois corporation ("Rosemont Pizza"), WILLOWBROOK PIZZA, INC., an Illinois corporation ("Willowbrook Pizza"), RANDOLPH PARTNERS, LLC – SHERBERTH SERIES, a series of a Delaware limited liability company ("RP Sherberth"), ILLINOIS MANAGEMENT COMPANY, INC., an Illinois corporation ("IMC"), RANDOLPH PARTNERS, LLC – OAKBROOK PARTNERS SERIES, a series of a Delaware limited liability company ("RP Oakbrook"), RANDOLPH PARTNERS, LLC – COTTON LANE SERIES, a series of a Delaware limited liability company ("RP Cotton Lane"), ALTAMONTE PARTNERS, LLC, a Florida limited liability company ("Altamonte"), RANDOLPH PARTNERS, LLC – RANDALL ORCHARD SERIES, a series of a Delaware limited liability company, ("RP Randall Orchard"), each a Chapter 11 debtor and debtor-in-possession (RP Randall Orchard, together with GEI, Franchise, GFI, GRI, GFSP, AFI, PPI, GEI LLC, JBA, Oakbrook, RP20-24, RP327, RP Lake Street, RP Formosa, RP Minooka, RPLP, RP740, RP308, RP LLC, RP Ogden Oswego, RP 1425, RP Mt. Prospect, Belmont Pizza, Rush Pizza, Greektown Pizza, Rosemont, Pizza, Willowbrook Pizza, RP Sherberth, IMC, RP Oakbrook, RP Cotton Lane and Alamonte collectively, "Borrowers" and each a "Borrower"), and FIFTH THIRD BANK, an Ohio banking corporation, as successor by merger with Fifth Third Bank, a Michigan banking corporation ("DIP Lender").

# R E C I T A L S:

WHEREAS, the Borrowers and the DIP Lender are party to that certain Debtor-in-Possession Loan Agreement, dated as of February 22, 2011 (as amended, restated or otherwise modified from time to time, the "DIP Loan Agreement"; capitalized terms used herein shall have the respective meanings ascribed thereto in the DIP Loan Agreement unless otherwise defined herein);

WHEREAS, Borrowers and DIP Lender have agreed to amend the DIP Loan Agreement in certain respects and subject the terms and conditions specified herein;

NOW, THEREFORE, in consideration of the foregoing, and the respective agreements, warranties and covenants contained herein, the parties hereto agree as follows:

## SECTION 1. AMENDMENT

In reliance on the representations set forth in Section 2 below and subject to the satisfaction of the conditions set forth in Section 3 below, the DIP Loan Agreement is amended as follows:

1.1.    Section 1.13 of the DIP Loan Agreement is hereby amended by replacing the word "and" with a ",", immediately before "(v)", adding the following clause (vi) after clause (v) and then adding the following sentence to the end thereof as follows:

> "(vi) to pay certain real property taxes with respect to the real property owned by Sherberth, which taxes constitute obligations for which the Debtors are liable as guarantors pursuant to the Prepetition Loan Documents (as defined in the Financing Order). Notwithstanding anything to the contrary contained herein, Borrowers shall not use the proceeds of any DIP Loans to pay any litigation fees, costs or expenses, whether for reimbursement, contribution, advancement, indemnification or otherwise, for any third party, including, without limitation, any officer, director, employee or agent of any Borrower."

1.2.    Section 3 of the DIP Loan Agreement is hereby amended by adding the following Section 3.1(z) to the end thereof:

> "3.1(z) Assumption of Indebtedness. Assume on a limited recourse basis pursuant to documentation acceptable to DIP Lender and Borrowers, the indebtedness of Borrowers' franchisee(s), and of any affiliate in control of, or guarantor or co-obligor of indebtedness owed by such franchisee(s) (each a "Subject Franchisee Obligor" and collectively, the "Subject Franchisee Obligors"), not to exceed the amounts owing to DIP Lender as of the date of each applicable Franchisee Termination Action (defined below) (together with interest, fees, costs and other charges with respect thereto, collectively, the "Franchisee Indebtedness"), in the event that any

-2-

one or more of the Borrowers, (1) terminates or rejects the franchise agreement with a Subject Franchisee Obligor, (2) if applicable, terminates or rejects the real property lease, sublease or right of possession with respect to nonresidential leased property of a Subject Franchisee Obligor, and (3) if applicable, terminates or rejects any equipment lease or equipment financing agreement between JBA and the Subject Franchisee Obligor (such actions described in clauses (1), (2) and (3) referred to herein as "Franchisee Termination Actions," and such interests terminated, rejected or otherwise transferred, forfeited or disposed of as a result of the Franchisee Termination Action referred to herein as "Terminated Franchisee Interests"). Upon the assumption of such Franchisee Indebtedness in accordance with this Section 3.1(z), such Franchisee Indebtedness shall constitute Indebtedness secured by the Collateral; provided, however, that notwithstanding anything to the contrary set forth herein, DIP Lender's claim against the Borrowers in respect of Franchisee Indebtedness and the Borrowers' obligation to repay any portion of the Franchisee Indebtedness shall not exceed the value of any interest in the property of any Borrower's estate arising from, attributable to or otherwise related to the applicable Terminated Franchisee Interests, including, without limitation, any incremental general intangible value, goodwill or enterprise value transferred to, forfeited in favor of or otherwise acquired by the applicable Borrower's estate as a result of the occurrence of such Franchisee Termination Action (in each case excluding any value that otherwise would have been attributable to any Subject Franchisee Obligor's royalty obligations set forth in the applicable franchise agreement prior to such applicable Franchisee Termination Actions)."

1.3.    Section 6 of the DIP Loan Agreement is hereby amended by adding the following Section 6.1(k) to the end thereof:

"(k)    Franchise Agreements. The taking of any Franchisee Termination Action without the prior written consent of DIP Lender."

# SECTION 2. REPRESENTATIONS AND WARRANTIES

Each Borrower hereby represents, warrants and covenants as follows:

2.1.    **Representations in the DIP Loan Agreement and the Related Documents.** Each of the representations and warranties made by or on behalf of each Borrower to the DIP Lender in the DIP Loan Agreement or any of the Related Documents was true and correct when made, and is true and correct on and as of the date of this Amendment with the same full force and effect as if each of such representations and warranties had been made by each Borrower on the date hereof and in this Amendment.

2.2.    **Binding Effect of Documents.** This Amendment has been duly authorized, executed and delivered to the DIP Lender by each Borrower, is enforceable in accordance with its terms and is in full force and effect.

-3-

2.3.    **No Conflict.** The execution, delivery and performance of this Amendment by each Borrower will not violate any requirement of law or contractual obligation of any Borrower and will not result in, or require, the creation or imposition of any lien on any of their respective properties or revenues.

## SECTION 3.  CONDITIONS TO EFFECTIVENESS OF CERTAIN PROVISIONS OF THIS AMENDMENT

Unless waived in writing by DIP Lender, the effectiveness of the terms and provisions of this Amendment shall be subject to the following conditions precedent, each in form and substance satisfactory to the DIP Lender:

(i)    the receipt by the Lender of an original of this Amendment, duly authorized, executed and delivered by each Borrower;

(ii)    the receipt by the Lender of an original of the Consent and Reaffirmation in the form attached as <u>Appendix B</u> hereto, duly authorized, executed and delivered by each Guarantor (as defined in the form of Consent and Reaffirmation);

(iii)    Borrowers and Guarantors shall have executed and/or delivered, as applicable, to DIP Lender any approvals, documents and materials or such other documents that DIP Lender may request, each case in form and substance satisfactory to DIP Lender; and

(iv)    all proceedings taken in connection with the transactions contemplated by this Amendment and all documents, instruments and other legal matters incident thereto shall be satisfactory to the DIP Lender and its legal counsel.

## SECTION 4.  MISCELLANEOUS

4.1.    **Continuing Effect of Related Documents.** Except as modified pursuant hereto, no other changes or modifications to the DIP Loan Agreement and the Related Documents are intended or implied by this Amendment and in all other respects the DIP Loan Agreement and the Related Documents hereby are ratified, restated and confirmed by all parties hereto as of the effective date hereof.  To the extent of conflict between the terms of this Amendment, the DIP Loan Agreement and the Related Documents, the terms of this Amendment shall govern and control.  The DIP Loan Agreement and this Amendment shall be read and construed as one agreement.

4.2.    **Further Assurances.** At each Borrower's expense, the parties hereto shall execute and deliver such additional documents and take such further action as may be necessary or desirable to effectuate the provisions and purposes of this Amendment.

4.3.    **Survival of Representations, Warranties and Covenants.** All representations, warranties, covenants and releases of each Borrower made in this Amendment or any other document furnished in connection with this Amendment shall survive the execution and delivery of this Amendment, and no investigation by the Lender, or any closing, shall affect the representations and warranties or the right of the Lender to rely upon them.

4.4.   **Severability.**   Any provision of this Amendment held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Amendment.

4.5.   **Counterparts.**   This Amendment may be executed in any number of counterparts, but all of such counterparts shall together constitute but one and the same agreement.

9487260v1

-5-

IN WITNESS WHEREOF, this Amendment is executed and delivered as of the day and year first above written.

**BORROWERS:**

GIORDANO'S ENTERPRISES, INC.
GIORDANO'S FRANCHISE, INC.
GIORDANO'S OF FLORIDA, INC.
GIORDANO'S RESTAURANTS, INC.
GIORDANO'S FAMOUS STUFFED PIZZA, INC.
AMERICANA FOODS, INC.
PIZZA PIZAZZE, INC.
GIORDANO'S, LLC
RANDOLPH PARTNERS, L.P.
RANDOLPH PARTNERS, LLC-308 SERIES
RANDOLPH PARTNERS, LLC - 740 SERIES
JBA EQUIPMENT FINANCE, INC.
OAKBROOK PARTNERS, LLC
RANDOLPH PARTNERS, LLC 20-24 SERIES
RANDOLPH PARTNERS, LLC - 327 SERIES
RANDOLPH PARTNERS, LLC – LAKE STREET SERIES
RANDOLPH PARTNERS, LLC – FORMOSA SERIES
RANDOLPH PARTNERS, LLC – MINOOKA SERIES
RANDOLPH PARTNERS, LLC
RANDOLPH PARTNERS, LLC – OGDEN OSWEGO SERIES
RANDOLPH PARTNERS, LLC –1425 SERIES
RANDOLPH PARTNERS, LLC – MOUNT PROSPECT SERIES
BELMONT PIZZA, INC.
RUSH PIZZA, INC.
GREEKTOWN PIZZA, INC.
ROSEMONT PIZZA, INC.
WILLOWBROOK PIZZA, INC.
RANDOLPH PARTNERS, LLC – SHERBERTH SERIES
ILLINOIS MANAGEMENT COMPANY, INC.
RANDOLPH PARTNERS, LLC – OAKBROOK PARTNERS
SERIES
RANDOLPH PARTNERS, LLC – COTTON LANE SERIES
ALTAMONTE PARTNERS, LLC
RANDOLPH PARTNERS, LLC – RANDALL ORCHARD
SERIES

By: _John Apostolou_
Name: _John Apostolou_
Title: _President_

Signature Page to First Amendment to Debtor-In-Possession Loan Agreement

FIFTH THIRD BANK

By _____

Name JEFFREY K. TISCHLER

Title VICE PRESIDENT

Signature Page to First Amendment to Debtor-In-Possession Loan Agreement

**APPENDIX A**
to
**FIRST AMENDMENT TO
DEBTOR-IN-POSSESSION LOAN AGREEMENT**

**CONSENT AND REAFFIRMATION**

Each of the undersigned (each a "Guarantor") hereby (i) acknowledges receipt of a copy of the foregoing First Amendment to Debtor-in-Possession Loan Agreement (the "Amendment"; capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Amendment); (ii) consents to each Borrower's execution and delivery of the Amendment; (iii) agrees to be bound by the Amendment (including without limitation with respect to its direct obligations thereunder); (iv) affirms that nothing contained in the Amendment, except as specifically stated therein, shall modify in any respect whatsoever any Related Document to which it is a party; and (v) reaffirms its obligations under the Debtor-in-Possession Loan Agreement, dated February 22, 2011, executed and delivered by such Guarantor in favor of the Lender and each of the other Related Documents to which such Guarantor is a party (each as amended, supplemented, extended, renewed, restated or otherwise modified from time to time, collectively, the "Reaffirmed Related Documents"). Although each Guarantor has been informed of the matters set forth herein and has acknowledged and agreed to same, each Guarantor understands that the Lender has no obligation to inform any Guarantor of such matters in the future or to seek any Guarantor's acknowledgment or agreement to any future amendments, waivers or consents with respect to the Related Documents, and nothing herein shall create such a duty.

Each of the undersigned further agrees that after giving effect to the Amendment, each Reaffirmed Related Document shall remain in full force and effect.

_____
JOHN APOSTOLOU, individually

_____
EVA APOSTOLOU, individually

JOHN APOSTOLOU, as trustee of the
JOHN APOSTOLOU TRUST dated June 20, 1986

By: _____
Its: _____TRUSTEE_____

EVA APOSTOLOU, as trustee of the
EVA APOSTOLOU TRUST dated January 5, 1998

By: _Eva Apostolou_

Its: _Trustee_

Exhibit B

**Second Amendment to Debtor-in-Possession Loan Agreement**

[see attached]

## SECOND AMENDMENT TO DEBTOR-IN-POSSESSION LOAN AGREEMENT

This SECOND AMENDMENT TO DEBTOR-IN-POSSESSION LOAN AGREEMENT dated as of May 25, 2011 (this "Amendment") is by and among each of the following Debtors, GIORDANO'S ENTERPRISES, INC., an Illinois corporation ("GEI"), GIORDANO'S FRANCHISE, INC., an Illinois corporation ("Franchise"), GIORDANO'S OF FLORIDA, INC., an Illinois corporation ("GFI"), GIORDANO'S RESTAURANTS, INC., an Illinois corporation ("GRI"), GIORDANO'S FAMOUS STUFFED PIZZA, INC., an Illinois corporation ("GFSP"), AMERICANA FOODS, INC., an Illinois corporation ("AFI"), PIZZA PIZAZZE, INC., an Illinois corporation ("PPI"), GIORDANO'S, LLC, a Delaware limited liability company ("GEI LLC"), JBA EQUIPMENT FINANCE, INC., an Illinois corporation ("JBA"), OAKBROOK PARTNERS, LLC, an Illinois limited liability company ("Oakbrook"), RANDOLPH PARTNERS, LLC 20-24 SERIES, a series of a Delaware limited liability company ("RP20-24"), RANDOLPH PARTNERS, LLC - 327 SERIES, a series of a Delaware limited liability company ("RP327"), RANDOLPH PARTNERS, LLC – LAKE STREET SERIES, a series of a Delaware limited liability company ("RP Lake Street"), RANDOLPH PARTNERS, LLC – FORMOSA SERIES, a series of a Delaware limited liability company ("RP Formosa"), RANDOLPH PARTNERS, LLC – MINOOKA SERIES, a series of a Delaware limited liability company ("RP Minooka"), RANDOLPH PARTNERS, LP, a Delaware limited partnership ("RPLP"), RANDOLPH PARTNERS, LLC – 740 SERIES, a series of a Delaware limited liability company ("RP740"), RANDOLPH PARTNERS, LLC – 308 SERIES, a series of a Delaware limited liability company ("RP308"), RANDOLPH PARTNERS, LLC, a Delaware limited liability company ("RP LLC"), RANDOLPH PARTNERS, LLC – OGDEN OSWEGO SERIES, a series of a Delaware limited liability company ("RP Ogden Oswego"), RANDOLPH PARTNERS, LLC –1425 SERIES, a series of a Delaware limited liability company ("RP 1425"), RANDOLPH PARTNERS, LLC – MOUNT PROSPECT SERIES, a series of a Delaware limited liability company ("RP Mt. Prospect"), BELMONT PIZZA, INC., an Illinois corporation ("Belmont Pizza"), RUSH PIZZA, INC. , an Illinois corporation ("Rush Pizza"), GREEKTOWN PIZZA, INC., an Illinois corporation ("Greektown Pizza"), ROSEMONT PIZZA, INC., an Illinois corporation ("Rosemont Pizza"), WILLOWBROOK PIZZA, INC., an Illinois corporation ("Willowbrook Pizza"), RANDOLPH PARTNERS, LLC – SHERBERTH SERIES, a series of a Delaware limited liability company ("RP Sherberth"), ILLINOIS MANAGEMENT COMPANY, INC., an Illinois corporation ("IMC"), RANDOLPH PARTNERS, LLC – OAKBROOK PARTNERS SERIES, a series of a Delaware limited liability company ("RP Oakbrook"), RANDOLPH PARTNERS, LLC – COTTON LANE SERIES, a series of a Delaware limited liability company ("RP Cotton Lane"), ALTAMONTE PARTNERS, LLC, a Florida limited liability company ("Altamonte"), RANDOLPH PARTNERS, LLC – RANDALL ORCHARD SERIES, a series of a Delaware limited liability company, ("RP Randall Orchard"), each a Chapter 11 debtor (RP Randall Orchard, together with GEI, Franchise, GFI, GRI, GFSP, AFI, PPI, GEI LLC, JBA, Oakbrook, RP20-24, RP327, RP Lake Street, RP Formosa, RP Minooka, RPLP, RP740, RP308, RP LLC, RP Ogden Oswego, RP 1425, RP Mt. Prospect, Belmont Pizza, Rush Pizza, Greektown Pizza, Rosemont, Pizza, Willowbrook Pizza, RP Sherberth, IMC, RP Oakbrook, RP Cotton Lane and Alamonte collectively, "Borrowers" or "Debtors" and each a "Borrower" or "Debtor"), by and through Philip V. Martino, the duly appointed and serving Chapter 11 trustee ("Trustee") for the estates of the Debtors; and FIFTH

THIRD BANK, an Ohio banking corporation, as successor by merger with Fifth Third Bank, a Michigan banking corporation ("DIP Lender").

## RECITALS:

WHEREAS, the Borrowers and the DIP Lender are party to that certain Debtor-in-Possession Loan Agreement, dated as of February 22, 2011 (as amended, restated or otherwise modified from time to time, including, without limitation, pursuant to that certain First Amendment to Debtor-in-Possession Loan Agreement dated March 15, 2011, the "DIP Loan Agreement"; capitalized terms used herein shall have the respective meanings ascribed thereto in the DIP Loan Agreement unless otherwise defined herein);

WHEREAS, the Events of Default set forth in that certain Notice of Events of Default and Reservation of Rights Letter dated May 18, 2011 (the "Existing Defaults") have occurred and are continuing under the DIP Loan Agreement, and Borrowers have requested that DIP Lender forbear from exercising its rights and remedies solely for the period and on the terms and conditions set forth herein;

WHEREAS, Borrowers and DIP Lender have agreed to amend the DIP Loan Agreement in certain respects and subject the terms and conditions specified herein;

NOW, THEREFORE, in consideration of the foregoing, and the respective agreements, warranties and covenants contained herein, the parties hereto agree as follows:

## SECTION 1.  AMENDMENT

In reliance on the representations set forth in Section 2 below and subject to the satisfaction of the conditions set forth in Section 3 below, the DIP Loan Agreement is amended as follows:

1.1.    Section 1.1(b)(i)(B) of the DIP Loan Agreement is hereby amended by replacing "Two Million Five Hundred Thousand Dollars ($2,500,000)" with ""Three Million Five Hundred Thousand Dollars ($3,500,000) plus, in DIP Lender's discretion, such other amounts to the extent necessary to repay interest, fees, costs and other charges payable to DIP Lender hereunder and to enable Borrowers to pay the "Carveout" required and defined under the Final Financing Order" in the first sentence thereof.

1.2.    Section 3.1(c) of the DIP Loan Agreement is hereby amended by adding the following proviso at the end of clause (i) thereof: "provided, however, that with respect to the audited financials for the fiscal year ended December 31, 2010, Borrowers shall deliver such audited financials to DIP Lender on or before June 17, 2011."

1.3.    Section 3.1(w)(i) of the DIP Loan Agreement is hereby amended by replacing "on or prior to the date that is 90 days after the Closing Date" with "on or before June 17, 2011".

-2-

1.4.   Section 3.1(w)(iii) of the DIP Loan Agreement is hereby amended by replacing "on or prior to the date that is 90 days after the Closing Date" with "on or before June 17, 2011".

1.5.   Clause (x) of Section 6.1(f) of the DIP Loan Agreement is hereby amended and restated as follows: "[Reserved]".

1.6.   The definition of "Change of Control Event" set forth in Section 7.1 of the DIP Loan Agreement is hereby amended by (i) replacing "March 31, 2011" with "May 31, 2011" in clause (b) thereof; (ii) replacing "August 24, 2011" with "September 23, 2011" in clause (b) thereof; (iii) deleting "of a trustee for 'cause' or the appointment" from clause (h) thereof; and (iv) replacing "August 24, 2011" with "September 23, 2011" in clause (m) thereof; provided, however that the amendment set forth in this Section 1.3 shall only become effective upon the entry of an order by the Bankruptcy Court approving the Debtors retention of William Blair & Company on terms and conditions acceptable to DIP Lender, which order shall have become a final order.

1.7.   The definition of "Final Maturity Date" set forth in Section 7.1 of the DIP Loan Agreement is hereby amended by replacing "August 24, 2011" with "September 23, 2011".

1.8.   Section 7.3(j) of the DIP Loan Agreement is hereby amended to add the following addresses to the notice addresses listed therein for the Borrower:

> Philip V. Martino, Trustee
> c/o Quarles & Brady LLP
> 300 North LaSalle Street, Suite 4000
> Chicago, IL 60654

With copies to:

> Christopher Combest, Esq.
> Quarles & Brady LLP
> 300 North LaSalle Street, Suite 4000
> Chicago, IL 60654

And to:

> Elizabeth A. Orelup, Esq.
> Quarles & Brady LLP
> 411 East Wisconsin Avenue
> Milwaukee, Wisconsin 53202

1.9.   The form of Debtor-In-Possession Revolver Note set forth on Exhibit C to the DIP Loan Agreement is hereby amended and restated in its entirety as set forth on Exhibit 1 attached hereto.

1.10.   The Sale Covenants set forth on Schedule 3.1(x) of the DIP Loan Agreement are hereby amended and restated as follows:

> (a) on or before May 31, 2011, Borrowers shall obtain one or more Bankruptcy Court orders approving the retention of a nationally

recognized investment banker ("Investment Banker") acceptable to DIP Lender on terms reasonably acceptable to DIP Lender;

(b) on or before June 10, 2011, Investment Banker shall distribute a memorandum, in form and substance satisfactory to DIP Lender, to notify and generate interest among potential purchasers with respect to a sale of all or substantially all of the Debtors' assets and businesses as going concerns (in the aggregate, the "Sale");

(c) on or before, June 14, 2011, Investment Banker shall establish a substantially complete data room;

(d) on or before June 24, 2011, Investment Banker shall distribute an offering memorandum regarding Borrowers' assets and businesses, in form and substance acceptable to DIP Lender, to potential purchasers;

(e) on or before July 12, 2011, Borrowers shall have delivered to DIP Lender one or more letters of intent or other written indications of interest from prospective purchasers regarding the Sale, in form and substance acceptable to DIP Lender;

(f) on or before July 26, 2011, Borrowers shall have delivered to DIP Lender a form of asset purchase agreement, in form and substance acceptable to DIP Lender, to be proposed by Borrowers to potential purchasers to govern the Sale;

(g) on or before August 5, 2011, Borrowers shall file one or more sale motions or a joint plan or reorganization with the Bankruptcy Court seeking approval of the Sale in accordance with a form of asset purchase agreement acceptable to DIP Lender, and seeking approval of bidding procedures acceptable to DIP Lender;

(h) on or before August 22, 2011, Borrowers shall obtain one or more Bankruptcy Court orders approving the procedures for the Sale, which procedures shall be in form and substance satisfactory to DIP Lender;

(i) on or before September 7, 2011, Borrowers shall conduct one or more auctions for the sale of all or substantially all of the Borrowers' assets;

(j) on or before September 14, 2011, Borrowers shall obtain one or more orders of the Bankruptcy Court approving the sale of all or substantially all of the Borrowers' assets, which sale order shall be in form and substance acceptable to DIP Lender; and

(k) on or before September 23, 2011, Borrowers shall consummate one or more sales of substantially all of the Borrowers' assets, on terms and conditions satisfactory to DIP Lender.

1.11.   Effective as of May 12, 2011, the date of the Trustee's appointment in the Bankruptcy Case, all references to the Borrower or Borrowers shall be deemed to refer to the estates of each Borrower, as operated by the Trustee pursuant to Section 1108 of the Bankruptcy Code.

## SECTION 2.   REPRESENTATIONS AND WARRANTIES

Each Borrower hereby represents, warrants and covenants as follows:

2.1.   **Representations in the DIP Loan Agreement and the Related Documents.**  Each of the representations and warranties made by or on behalf of each Borrower to the DIP Lender in the DIP Loan Agreement or any of the Related Documents was true and correct when made, and is true and correct on and as of the date of this Amendment with the same full force and effect as if each of such representations and warranties had been made by each Borrower on the date hereof and in this Amendment.  Notwithstanding the foregoing, the Trustee represents, and the DIP Lender acknowledges, that the Trustee has not had an opportunity to make a diligent inquiry into all of the representations and warranties set forth in the DIP Loan Agreement.  As a result, and for the avoidance of doubt, the Trustee shall have no liability for any unintentional breach of any such representations and warranties, but DIP Lender shall have the right to terminate its agreement to forbear (as set forth below) in the event of the breach of any representation, warranty or covenant set forth in the DIP Loan Agreement.

2.2.   **Binding Effect of Documents.**   This Amendment has been duly authorized, executed and delivered to the DIP Lender by each Borrower, by and through the Trustee, subject to approval by the Bankruptcy Court, is enforceable in accordance with its terms and is in full force and effect.

2.3.   **No Conflict.**  The execution, delivery and performance of this Amendment by each Borrower will not violate any requirement of law or contractual obligation of any Borrower and will not result in, or require, the creation or imposition of any lien on any of their respective properties or revenues.

## SECTION 3.   CONDITIONS TO EFFECTIVENESS OF CERTAIN PROVISIONS OF THIS AMENDMENT

Unless waived in writing by DIP Lender, the effectiveness of the terms and provisions of this Amendment shall be subject to the following conditions precedent, each in form and substance satisfactory to the DIP Lender:

(i)   the receipt by the DIP Lender of an original of this Amendment, duly authorized, executed and delivered by each Borrower;

(ii)   the receipt by DIP Lender of an original, duly authorized and executed Amended and Restated Debtor-In-Possession Revolver Note, in substantially the form attached hereto as Exhibit 1, which note shall amend, restate and replace the DIP Revolver Note dated February 22, 2011;

-5-

(iii)    entry of an order by the Bankruptcy Court approving (1) the First Amendment to Debtor-in-Possession Loan Agreement dated March 15, 2011, (2) this Amendment, and (3) certain corresponding modifications to the Final Financing Order, which order shall be in form and substance acceptable to DIP Lender and shall have become a final order;

(iv)    Borrowers and Guarantors shall have executed and/or delivered, as applicable, to DIP Lender any approvals, documents and materials or such other documents that DIP Lender may request, each case in form and substance satisfactory to DIP Lender; and

(v)    all proceedings taken in connection with the transactions contemplated by this Amendment and all documents, instruments and other legal matters incident thereto shall be satisfactory to the DIP Lender and its legal counsel.

## SECTION 4. MISCELLANEOUS

4.1.    **Forbearance.**  Notwithstanding the occurrence of the Existing Defaults, DIP Lender agrees to forbear from exercising its rights and remedies against the Debtors as a result of such Existing Defaults, so long as no additional Event of Default occurs or has occurred.

4.2.    **Continuing Effect of Related Documents; Reservation of Rights.**  Except as modified pursuant hereto, no other changes or modifications to the DIP Loan Agreement and the Related Documents (including, without limitation, that certain Irrevocable Proxy Coupled With Interest dated as of February, 2011, executed by John Apostolou, individually, Eva Apostolou, individually and John Apostolou, as trustee of the John Apostolou Trust dated June 20, 1986, and Eva Apostolu, as trustee of the Eva Apostolou Trust dated January 5, 1998, in favor of DIP Lender (the "Irrevocable Proxy")) are intended or implied by this Amendment and in all other respects the DIP Loan Agreement and the Related Documents hereby are ratified, restated and confirmed by all parties hereto as of the effective date hereof.  To the extent of conflict between the terms of this Amendment, the DIP Loan Agreement and the Related Documents, the terms of this Amendment shall govern and control.  The DIP Loan Agreement and this Amendment shall be read and construed as one agreement.  For the avoidance of doubt, DIP Lender has not and shall not be deemed to have waived any Events of Default that have occurred and are continuing as of the date hereof, or any other Events of Default occurring at any time, and DIP Lender hereby reserves all of its rights under the DIP Loan Agreement, the other Related Documents (including, without limitation, the Irrevocable Proxy) and applicable law with respect to such Events of Default and no delay on its part in exercising any such rights or remedies should be construed as a waiver or forbearance with respect to any of such rights or remedies.

4.3.    **Further Assurances.**  At each Borrower's expense, the parties hereto shall execute and deliver such additional documents and take such further action as may be necessary or desirable to effectuate the provisions and purposes of this Amendment.

4.4.    **Survival of Representations, Warranties and Covenants.**  All representations, warranties, covenants and releases of each Borrower made in this Amendment or any other document furnished in connection with this Amendment shall survive the execution and delivery of

-6-

this Amendment, and no investigation by the DIP Lender, or any closing, shall affect the representations and warranties or the right of the DIP Lender to rely upon them.

4.5.    **Severability**.  Any provision of this Amendment held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Amendment.

4.6.    **Counterparts**.  This Amendment may be executed in any number of counterparts, but all of such counterparts shall together constitute but one and the same agreement.

IN WITNESS WHEREOF, this Amendment is executed and delivered as of the day and year first above written.

**BORROWERS:**

GIORDANO'S ENTERPRISES, INC.
GIORDANO'S FRANCHISE, INC.
GIORDANO'S OF FLORIDA, INC.
GIORDANO'S RESTAURANTS, INC.
GIORDANO'S FAMOUS STUFFED PIZZA, INC.
AMERICANA FOODS, INC.
PIZZA PIZAZZE, INC.
GIORDANO'S, LLC
RANDOLPH PARTNERS, L.P.
RANDOLPH PARTNERS, LLC-308 SERIES
RANDOLPH PARTNERS, LLC - 740 SERIES
JBA EQUIPMENT FINANCE, INC.
OAKBROOK PARTNERS, LLC
RANDOLPH PARTNERS, LLC 20-24 SERIES
RANDOLPH PARTNERS, LLC - 327 SERIES
RANDOLPH PARTNERS, LLC – LAKE STREET SERIES
RANDOLPH PARTNERS, LLC – FORMOSA SERIES
RANDOLPH PARTNERS, LLC – MINOOKA SERIES
RANDOLPH PARTNERS, LLC
RANDOLPH PARTNERS, LLC – OGDEN OSWEGO SERIES
RANDOLPH PARTNERS, LLC –1425 SERIES
RANDOLPH PARTNERS, LLC – MOUNT PROSPECT SERIES
BELMONT PIZZA, INC.
RUSH PIZZA, INC.
GREEKTOWN PIZZA, INC.
ROSEMONT PIZZA, INC.
WILLOWBROOK PIZZA, INC.
RANDOLPH PARTNERS, LLC – SHERBERTH SERIES
ILLINOIS MANAGEMENT COMPANY, INC.
RANDOLPH PARTNERS, LLC – OAKBROOK PARTNERS SERIES
RANDOLPH PARTNERS, LLC – COTTON LANE SERIES
ALTAMONTE PARTNERS, LLC
RANDOLPH PARTNERS, LLC – RANDALL ORCHARD SERIES

By: _____
Philip V. Martino, not individually
but solely in his capacity as chapter 11 Trustee
for each estate of each of the Borrowers

FIFTH THIRD BANK

By _____

Name  JEFFREY K. TISCHLER

Title _____

EXHIBIT 1
to
**SECOND AMENDMENT TO
DEBTOR-IN-POSSESSION LOAN AGREEMENT**

Amended and Restated Debtor-In-Possession Revolver Note

[See Attached]

## AMENDED AND RESTATED
## DEBTOR-IN-POSSESSION REVOLVER NOTE

$3,500,000.00

Chicago, Illinois
May 25, 2011

FOR VALUE RECEIVED, GIORDANO'S ENTERPRISES, INC., an Illinois corporation ("GEI"), GIORDANO'S FRANCHISE, INC., an Illinois corporation ("Franchise"), GIORDANO'S OF FLORIDA, INC., an Illinois corporation ("GFI"), GIORDANO'S RESTAURANTS, INC., an Illinois corporation ("GRI"), GIORDANO'S FAMOUS STUFFED PIZZA, INC., an Illinois corporation ("GFSP"), AMERICANA FOODS, INC., an Illinois corporation ("AFI"), PIZZA PIZAZZE, INC., an Illinois corporation ("PPI"), GIORDANO'S, LLC, a Delaware limited liability company ("GEI LLC"), JBA EQUIPMENT FINANCE, INC., an Illinois corporation ("JBA"), OAKBROOK PARTNERS, LLC, an Illinois limited liability company ("Oakbrook"), RANDOLPH PARTNERS, LLC 20-24 SERIES, a series of a Delaware limited liability company ("RP20-24"), RANDOLPH PARTNERS, LLC - 327 SERIES, a series of a Delaware limited liability company ("RP327"), RANDOLPH PARTNERS, LLC – LAKE STREET SERIES, a series of a Delaware limited liability company ("RP Lake Street"), RANDOLPH PARTNERS, LLC – FORMOSA SERIES, a series of a Delaware limited liability company ("RP Formosa"), RANDOLPH PARTNERS, LLC – MINOOKA SERIES, a series of a Delaware limited liability company ("RP Minooka"), RANDOLPH PARTNERS, LP, a Delaware limited partnership ("RPLP"), RANDOLPH PARTNERS, LLC – 740 SERIES, a series of a Delaware limited liability company ("RP740"), RANDOLPH PARTNERS, LLC – 308 SERIES, a series of a Delaware limited liability company ("RP308"), RANDOLPH PARTNERS, LLC, a Delaware limited liability company ("RP LLC"), RANDOLPH PARTNERS, LLC – OGDEN OSWEGO SERIES, a series of a Delaware limited liability company ("RP Ogden Oswego"), RANDOLPH PARTNERS, LLC – 1425 SERIES, a series of a Delaware limited liability company ("RP 1425"), RANDOLPH PARTNERS, LLC – MOUNT PROSPECT SERIES, a series of a Delaware limited liability company ("RP Mt. Prospect"), BELMONT PIZZA, INC., an Illinois corporation ("Belmont Pizza"), RUSH PIZZA, INC., an Illinois corporation ("Rush Pizza"), GREEKTOWN PIZZA, INC., an Illinois corporation ("Greektown Pizza"), ROSEMONT PIZZA, INC., an Illinois corporation ("Rosemont Pizza"), WILLOWBROOK PIZZA, INC., an Illinois corporation ("Willowbrook Pizza"), RANDOLPH PARTNERS, LLC – SHERBERTH SERIES, a series of a Delaware limited liability company ("RP Sherberth"), ILLINOIS MANAGEMENT COMPANY, INC., an Illinois corporation ("IMC"), RANDOLPH PARTNERS, LLC – OAKBROOK PARTNERS SERIES, a series of a Delaware limited liability company ("RP Oakbrook"), RANDOLPH PARTNERS, LLC – COTTON LANE SERIES, a series of a Delaware limited liability company ("RP Cotton Lane"), ALTAMONTE PARTNERS, LLC, a Florida limited liability company ("Altamonte"), RANDOLPH PARTNERS, LLC – RANDALL ORCHARD SERIES, a series of a Delaware limited liability company, ("RP Randall Orchard"), each a Chapter 11 Debtor (RP Randall Orchard, together with GEI, Franchise, GFI, GRI, GFSP, AFI, PPI, GEI LLC, JBA, Oakbrook, RP20-24, RP327, RP Lake Street, RP Formosa, RP Minooka, RPLP, RP740, RP308, RP LLC, RP Ogden Oswego, RP 1425, RP Mt. Prospect, Belmont Pizza, Rush Pizza, Greektown Pizza, Rosemont, Pizza, Willowbrook Pizza, RP Sherberth, IMC, RP Oakbrook, RP Cotton Lane and Altamonte collectively, "Borrowers" and each a "Borrower"), hereby jointly and severally promise to pay to the order of FIFTH THIRD BANK, an Ohio banking corporation, successor by merger with Fifth Third Bank, a Michigan banking corporation ("DIP Lender"), in such coin or currency of the United States which shall be legal tender in payment of all debts and dues, public and private, at the time of payment, the principal sum of THREE MILLION FIVE HUNDRED THOUSAND DOLLARS AND 00/100 ($3,500,000.00) together with interest from and after the Closing Date on the unpaid principal balance outstanding at the rates provided for in, and calculated in accordance with the terms of, the DIP Loan Agreement (as hereinafter defined). Principal and interest hereunder shall be paid as provided in the DIP Loan Agreement.

This Amended and Restated Debtor-in-Possession Revolver Note (this "Note") is the DIP Revolver Note referred to in, and is issued pursuant to, that certain Debtor-in-Possession Loan Agreement,

dated as of February 22, 2011 (as amended, restated, supplemented or otherwise modified from time to time, the "DIP Loan Agreement") among Borrowers and DIP Lender, and is entitled to all of the benefits and security of the DIP Loan Agreement. All of the terms, covenants and conditions of the DIP Loan Agreement are hereby made a part of this Note and are deemed incorporated herein in full. All capitalized terms used herein, unless otherwise specifically defined in this Note, shall have the meanings ascribed to them in the DIP Loan Agreement.

Time is of the essence of this Note. To the fullest extent permitted by applicable law, each Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, notice of non-payment, notice of maturity, notice of protest, presentment for the purpose of acceleration of maturity, diligence in collection, and the benefit of any exemption or insolvency laws.

Wherever possible each provision of this Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Note. No delay or failure on the part of DIP Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as an acquiescence in any default, nor shall any single or partial exercise by DIP Lender of any right or remedy preclude any other right or remedy. DIP Lender, at its option, may enforce its rights against any collateral securing this Note without enforcing its rights against any Borrower, any guarantor of the indebtedness evidenced hereby or any other property or indebtedness due or to become due to any Borrower. Each Borrower agrees that, without releasing or impairing such Borrower's liability hereunder, DIP Lender may at any time release, surrender, substitute or exchange any collateral securing this Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Note.

This Note is secured by the Collateral described in the DIP Loan Agreement.

This Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Illinois.

This Note shall be in substitution for and replacement of that certain Debtor-in-Possession Revolver Note dated February 22, 2011, executed by the undersigned in favor of DIP Lender (the "Original DIP Revolver Note"). The indebtedness evidenced by the Original DIP Revolver Note is continuing indebtedness and nothing contained herein shall be deemed to constitute payment, settlement or a novation of the Original DIP Revolver Note or release or otherwise adversely affect any lien or security interest securing such indebtedness.

*[Signature page follows]*

-2-

IN WITNESS WHEREOF, each Borrower has caused this Note to be duly executed and delivered as of the date first above written.

GIORDANO'S ENTERPRISES, INC.
GIORDANO'S FRANCHISE, INC.
GIORDANO'S OF FLORIDA, INC.
GIORDANO'S RESTAURANTS, INC.
GIORDANO'S FAMOUS STUFFED PIZZA, INC.
AMERICANA FOODS, INC.
PIZZA PIZAZZE, INC.
GIORDANO'S, LLC
RANDOLPH PARTNERS, L.P.
RANDOLPH PARTNERS, LLC-308 SERIES
RANDOLPH PARTNERS, LLC - 740 SERIES
JBA EQUIPMENT FINANCE, INC.
OAKBROOK PARTNERS, LLC
RANDOLPH PARTNERS, LLC 20-24 SERIES
RANDOLPH PARTNERS, LLC - 327 SERIES
RANDOLPH PARTNERS, LLC – LAKE STREET SERIES
RANDOLPH PARTNERS, LLC – FORMOSA SERIES
RANDOLPH PARTNERS, LLC – MINOOKA SERIES
RANDOLPH PARTNERS, LLC
RANDOLPH PARTNERS, LLC – OGDEN OSWEGO SERIES
RANDOLPH PARTNERS, LLC –1425 SERIES
RANDOLPH PARTNERS, LLC – MOUNT PROSPECT SERIES
BELMONT PIZZA, INC.
RUSH PIZZA, INC.
GREEKTOWN PIZZA, INC.
ROSEMONT PIZZA, INC.
WILLOWBROOK PIZZA, INC.
RANDOLPH PARTNERS, LLC – SHERBERTH SERIES
ILLINOIS MANAGEMENT COMPANY, INC.
RANDOLPH PARTNERS, LLC – OAKBROOK PARTNERS SERIES
RANDOLPH PARTNERS, LLC – COTTON LANE SERIES
ALTAMONTE PARTNERS, LLC
RANDOLPH PARTNERS, LLC – RANDALL ORCHARD SERIES

By: _____
Philip V. Martino, not individually
but solely in his capacity as chapter 11 Trustee
for each estate of each of the Borrowers