# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re ) | Chapter 11 |
| ) | |
| GIORDANO'S ENTERPRISES, INC., *et al*[1] ) | Case No. 11-06098 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Hon. Eugene R. Wedoff |

## NOTICE OF MOTION

TO:   See Attached Service List.

PLEASE TAKE NOTICE that on **Tuesday, August 16, 2011, at 10:00 a.m**., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff or another judge sitting in his stead, at the United States Bankruptcy Court for the Northern District of Illinois, located at 219 South Dearborn, Courtroom 744, Chicago, Illinois 60604, and then and there present the **MOTION FOR SANCTIONS AND FOR ORDER OF CONTEMPT AGAINST ZANE SMITH AND PLAINTIFFS IN THE APOSTOLOU LAWSUIT**, a copy of which is hereby served upon the attached service list.

Dated: August 11, 2011                                           Respectfully submitted,

                                                                 FIFTH THIRD BANK

                                                                 By:   /s/ Randall L. Klein
                                                                        One of Its Attorneys

Randall L. Klein
Ronald Barliant
Zachary J. Garrett
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

---

[1] The Debtors in these cases are: Giordano's Enterprises, Inc., Illinois Management Company, Inc., JBA Equipment Finance, Inc., Altamonte Partners, LLC, Giordano's Franchise, Inc., Giordano's of Florida, Inc., Giordano's Restaurants, Inc., Giordano's Famous Stuffed Pizza, Inc., Americana Foods, Inc., Pizza Pizazze, Inc., Giordano's, LLC, Oakbrook Partners, LLC, Randolph Partners, LLC, Randolph Partners, LLC 20-24 Series, Randolph Partners, LLC – 327 Series, Randolph Partners, LLC – Lake Street Series, Randolph Partners, LLC – Formosa Series, Randolph Partners, LLC – Minooka Series, Randolph Partners, LP, Randolph Partners, LLC  – 740 Series, Randolph Partners, LLC – 308 Series, Randolph Partners, LLC — Ogden Oswego Series, Randolph Partners, LLC – 1425 Series, Randolph Partners, LLC – Mount Prospect Series, Belmont Pizza, Inc., Rush Pizza, Inc., Greektown Pizza, Inc., Rosemont Pizza, Inc., Willowbrook Pizza, Inc., Randolph Partners, LLC –  Sherberth Series, Randolph Partners, LLC – Oakbrook Partners Series, Randolph Partners, LLC – Cotton Lane Series, and Randolph Partners, LLC – Randall Orchard Series.

3600073                                                                                                    6660.002

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re | ) | Chapter 11 |
| | ) | |
| GIORDANO'S ENTERPRISES, INC., *et al*[2] | ) | Case No.  11-06098 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hon. Eugene R. Wedoff |

**MOTION FOR SANCTIONS AND FOR ORDER OF CONTEMPT AGAINST
ZANE SMITH AND PLAINTIFFS IN THE APOSTOLOU LAWSUIT**

Fifth Third Bank ("Fifth Third"), hereby requests that the Court enter an Order determining that John Apostolou, Eva Apostolou, Basil Apostolou, George Apostolou and Joanna Apostolou, individually and as trustees and beneficiaries of the trusts identified in the Apostolou Complaint (defined below) (collectively, the "Apostolou Plaintiffs") and their attorney, Zane Smith ("Smith"), are in contempt of court for their conduct in filing a complaint in the Circuit Court of Cook County, Illinois, No. 11 CH 27344 (the "Apostolou Complaint") (a copy of which is attached hereto as **Exhibit A)**.  The grounds for this motion are that by filing the Apostolou Complaint, Smith and the Apostolou Plaintiffs violated (1) the automatic stay against acts to obtain possession of, or exercise control over, property of the estate, and (2) the order entered in this Case on May 12, 2011 (the "May 12 Order") (a copy of which is attached hereto as **Exhibit B)** enjoining certain of the Apostolou Plaintiffs

---

[2] The Debtors in these cases are: Giordano's Enterprises, Inc., Illinois Management Company, Inc., JBA Equipment Finance, Inc., Altamonte Partners, LLC, Giordano's Franchise, Inc., Giordano's of Florida, Inc., Giordano's Restaurants, Inc., Giordano's Famous Stuffed Pizza, Inc., Americana Foods, Inc., Pizza Pizazze, Inc., Giordano's, LLC, Oakbrook Partners, LLC, Randolph Partners, LLC, Randolph Partners, LLC 20-24 Series, Randolph Partners, LLC – 327 Series, Randolph Partners, LLC – Lake Street Series, Randolph Partners, LLC – Formosa Series, Randolph Partners, LLC – Minooka Series, Randolph Partners, LP, Randolph Partners, LLC  – 740 Series, Randolph Partners, LLC – 308 Series, Randolph Partners, LLC — Ogden Oswego Series, Randolph Partners, LLC – 1425 Series, Randolph Partners, LLC – Mount Prospect Series, Belmont Pizza, Inc., Rush Pizza, Inc., Greektown Pizza, Inc., Rosemont Pizza, Inc., Willowbrook Pizza, Inc., Randolph Partners, LLC –  Sherberth Series, Randolph Partners, LLC – Oakbrook Partners Series, Randolph Partners, LLC – Cotton Lane Series, and Randolph Partners, LLC – Randall Orchard Series.

3600073                                                                                                                                                                6660.002

and all persons acting in concert with them from interfering with the business of the Debtors. In support, Fifth Third states:

## JURISDICTION

1. This Court has jurisdiction of this matter under 28 U.S.C. §§157 and 1334(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue is proper in this district under 28 U.S.C. §§1408 and 1409.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(A), (O).

4. This is a motion for an order of contempt under Fed.R.Bankr.P. 9020, which is governed by Fed.R.Bankr.P 9014. The bases for the relief requested herein are 11 U.S.C. §§105(a), 362(a) and the Court's inherent power to enforce the automatic stay and its own orders.

## FACTUAL BACKGROUND

5. On February 16 and 17, 2011, Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101, *et seq*. (the "Code").

6. Under § 362(a)(3) of the Code, such petitions operate as stays of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

7. On May 12, 2011, upon the motion of the United States Trustee, the Court appointed Philip V. Martino to be the Trustee for the estates in these cases, thereby taking the Debtors out of possession and placing their assets and businesses under the control of the Trustee.

8. Also on May 12, 2011, the Court entered the May 12 Order (dkt# 227), which ordered that, "John Apostolou, Eva Apostolou, Johanna [sic] Apostolou and all persons acting for them, as their agents, or in concert with them, or otherwise at their direction or under their control . . . may not interfere in the Debtors' business in any way, including, without limitation, by contacting employees, vendors, landlords, tenants, franchisees, and creditors." (Ex. B.)

9. John, Eva and Joanna Apostolou are among the Apostolou Plaintiffs. John and Eva are the trustees of the trusts that are the owners of 100% of the common stock and limited partnership interests of certain of the Debtors (Giordano's Enterprises, Inc., JBA Equipment Finance, Inc., Illinois Management Company, Inc. and Randolph Partners, L.P.), which, in turn, own directly or indirectly all the equity interests in the other Debtors. Basil Apostolou, George Apostolou and Joanna Apostolou are the children of John and Eva Apostolou.

10. Fifth Third is a prepetition and post-petition creditor of the Debtors, holding liens in substantially all the property of each Debtor's estate.

11. On August 3, 2011, the Apostolou Plaintiffs and Smith, as their attorney, filed the ten count, 229 paragraph, 72 page (excluding exhibits) Apostolou Complaint.

12. Fifth Third and several individuals identified as "officer[s] and agent[s]" of Fifth Third are named as defendants in the Apostolou Complaint. (See Ex. A, ¶¶ 15-21).

13. The Apostolou Complaint is also against 47 entities identified as "Giordano's Franchisees" or the owners of Giordano's Franchisees.[3] (*See* Ex. A, ¶¶ 13, 24-70.)

14. Certain of the allegations against the Giordano's Franchisees are substantially related to the allegations asserted by the Trustee in its adversary complaint against the Giordano's Franchisees. (*See* Adversary Complaint for Injunctive Relief and Damages, filed by the Trustee on July 27, 2011, captioned *Philip V. Martino v. Aynessazian, et al.*, Adversary No. 11-01610.)

15. Other defendants in the Apostolou Complaint include a former officer and director of the Debtors (*see* Ex. A, ¶ 13), and attorneys who formerly represented the Debtors (*see* Ex. A, ¶¶ 14, 198, 199) (collectively, the "Fiduciary Defendants").

16. In Count I of the Apostolou Complaint, the Apostolou Plaintiffs, some of whom control 100% of the equity interests of the Debtors, claim they have suffered "shareholder oppression." The relief they and Smith request includes the entry of "injunctive relief prohibiting the defendants from being in anyway [sic] involved with the GEI Companies or their operations, and from bidding on the GEI Bankruptcy Estate." (See Ex. A, p. 53.) "GEI" is Giordano's Enterprises, Inc., and the "GEI Companies" are Debtors in these

---

[3] The Giordano's Franchisees and the owners of Giordano's Franchisees include: B. Allen Aynessazian, Eat Pizza in Brandon, Inc., Eat Pizza, Inc., Eat at Joe and Al's, Inc., Eat at Joe's, Inc., Eat Pizza in Port Richey, Inc., Eat at Joe's II, Inc., Eat Pizza on Dale Mabry, Inc., Eat Pizza in Downtown Naperville, Inc., Jason's Pizza, Inc., Athena's Best Pizza, Inc., Marie's Best Pizza, Inc., Laganes, LLC, Centos, Inc., Centos & Sons, Inc., For Love of Pizza, Inc., Stefano's Pizza on Sheridan, Inc., Morton North, Inc., Pizza Best, Inc., CMJ, Inc., n/k/a Downers CMJ, Inc., Cara Sales, Inc., Rambo's Pizza of Fox Lake, Inc., Rambo's Pizza of Lake Zurich, Inc., SKDD Pizza, Inc., Giordano's of Westchester, Inc., Mt. Prospect Venture, Inc., Best Pizza, Inc., Randall Third, Inc., Best in Town, Inc., Grand West, Inc., Joseph Locascio, Peter Skiouris, Ted Mavrakis, Constantinos Alexakos, Milton Alexakos, John Nikolopoulos, Jose Centeno, Kimberly Centeno, Asencion Centeno, Stephanos Vaiopouls, John Daoulas, Leonidas Theodorpopoulos, Ramiz Mareewa, Stanley Kondiles, Dimitri Dimitropoulos, Dimitri Dimitri, Anthony Prokos and Anthanassios Kourliouros.

cases. (See Ex. A, ¶¶ 71, 76.)  The "GEI Bankruptcy Estate" refers to the estates in these cases.

17. Count II purports to state a claim for interference with the Apostolou Plaintiffs' prospective economic advantage.  That economic advantage allegedly consists of the Apostolou Plaintiffs' expectations that they would retain their positions with the Debtors and that their equity interests in the Debtors would retain their value.  The Fiduciary Defendants are alleged to have interfered with those expected advantages by breaching their fiduciary duties, and all the defendants are alleged to have done so by "undermining the financial wherewithal of the GEI Companies and the Apostolous" and by inducing the Apostolous to cause the Debtors to execute "Agreements that were not in the best interests of the GEI Companies and Apostolous," all of which had the result that "the GEI Companies and the Apostolous have suffered millions of dollars in detriment." (Ex. A, ¶ 194.)  The Apostolou Plaintiffs' only alleged interests that might have been so harmed are as shareholders, officers and employees of the Debtors.

18. Count III alleges that the Fiduciary Defendants breached their fiduciary duties and are consequently liable to the Apostolou Plaintiffs, as the sole shareholders of the Debtors, in the total amount of $229,617,184.  (*See* Ex. A, p. 59.)  Count VIII alleges that all defendants were part of a conspiracy to breach those fiduciary duties, and Count X alleges that Fifth Third aided and abetted an alleged "unlawful scheme" by assisting the Fiduciary Defendants "in breaching their fiduciary duties." (Ex. A, ¶ 232(a.).)

19. Count IV of the Apostolou Complaint purports to allege claims for fraud and "constructive fraud" that consisted, primarily, of fraudulently inducing the Debtors

into entering into various agreements, including forbearance and loan agreements with Fifth Third. Thus, among the relief the Apostolou Plaintiffs seek is that the court, "Set aside the August 6, 2010 Forbearance Agreement, and the October 2010 Loan Agreements with Fifth-Third Bank . . . ." (Ex. A, p. 63.) Those agreements are among Fifth Third and the Debtors, not the Apostolou Plaintiffs. The Apostolou Plaintiffs executed separate guarantees, which they also seek to set aside. (*See id.*)

20. Count VI purports to allege a conspiracy to commit fraud, supported by allegations similar to those in Count IV, and also including allegations that Fifth Third "misappropriated GEI Companies' funds" and that the "Franchisee Group intentionally withheld payments to the GEI Companies . . . with the specific purpose of unlawfully putting additional financial strain on the GEI Companies . . . ." (Ex. A, ¶ 220).

21. Count VII of the Apostolou Complaint alleges that the defendants engaged in a variety of unlawful acts, including those alleged in the prior Counts, with the intent of and effect of "intentionally weakening the GEI Companies [*i.e.*, the Debtors]" (Ex. A, ¶¶ 222, 223.)[4]

## LEGAL ARGUMENT

### A.  Smith and the Apostolou Plaintiffs Violated the Automatic Stay

22. The automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Code §362(a)(3). Smith and the Apostolou Plaintiffs violated this prohibition by filing the Apostolou Complaint, as detailed below. As the principal creditor of these estates, holding

---

[4] Two other counts, Count V ("Defamation Per Se") and Count IX ("Conspiracy to Defame") are not addressed by this motion, although Count IX relies on substantially all the allegations of the eight other counts.

-7-

both prepetition and post-petition liens on substantially all property of the estate, Fifth Third will be harmed to the extent Smith and Apostolou Plaintiffs succeed in interfering with the Debtors' estates and the trustee's control of any such property.

23. By seeking in Count I of the Apostolou Complaint to enjoin the defendants from having anything to do with the Debtors' business operations and from bidding for property of the estates, Smith and the Apostolou Plaintiffs are exercising control over property of the Debtors' estates. Fifth Third is the estate's post-petition financier, and the franchisee defendants are obviously involved in the Debtors' businesses on a daily basis. An injunction against their involvement "in anyway [sic]" with the Debtors' operations would substantially interfere with those operations and would amount to substantial control over the property of the estate.

24. Further, an injunction prohibiting the Defendants from bidding at a sale of estate assets, which is also requested in Count I, would amount to an exercise of control over property of the Debtors' estates by, to that extent, interfering with the trustee's control of property of the Debtors' estates. Moreover, Fifth Third, as the holder of a security interest in substantially all the property of each Debtor's estate, has the right to credit bid its secured claim at any sale of assets. See 11 U.S.C. § 363(k). Thus, Fifth Third is threatened with a direct injury as a result of the Apostolou Plaintiffs' request of an injunction that would bar Fifth Third from exercising its statutory credit bid right.

25. The Apostolou Complaint seeks, in Counts III, VIII and X, to recover damages for the alleged breaches of fiduciary duties of an officer and director and attorneys of the Debtors.

26. In addition, in Counts II, IV, VI and VII, the Apostolou Plaintiffs seek damages for their own benefit for the consequences of allegedly wrongful acts that they allege the defendants committed with the intent to harm the Debtors and that did harm the Debtors.

27. Thus, the Apostolou Complaint seeks to recover damages for alleged injuries to the Debtors resulting from breaches of fiduciary duties of an officer and director and attorneys of the Debtors, and other alleged acts by all the defendants that harmed the Debtors. The duties relied upon by the Apostolou Plaintiffs, however, (to the extent they exist at all) were owed to the Debtors, not the Apostolou Plaintiffs. Any claims the Apostolou Plaintiffs might have for breaches of those duties would be derivative of claims owned by the Debtors. Any claims of the Debtors became property of the estate when these cases were filed. Applying this rule, the Seventh Circuit stated in *Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339 (7th Cir. 1987), that it has "long been held that rights of action against officers, directors and shareholders of a corporation for breaches of fiduciary duties…become property of the estate which the trustee alone has the right to pursue after the filing of a bankruptcy petition." 831 F.2d at 1343 (citing *Pepper v. Litton*, 308 U.S. 295, 306-307 (1939)); *see also Fisher v. Apostolou*, 155 F.3d 876, 879 (7th Cir. 1998). Any action "to recover damages for fiduciary misconduct, mismanagement or neglect of duty" by a debtor company is a "general" claim which the trustee has the sole right and responsibility to bring. *Koch Refining*, 831 F.2d at 1343-44. In short, any unlawful acts that harmed the Debtors would give rise to claims that belonged to the Debtor, and those claims would now be property of the estates in these cases. Accordingly, the claims for breaches of such duties

asserted by the Apostolou Plaintiffs in the Circuit Court of Cook County are property of these estates.

28. By asserting the claims described in Paragraphs 24 and 25 above in another court for their own benefit, Smith and the Apostolou Plaintiffs are exercising control over property of the estates in these cases.

29. For the reasons stated above, Smith and the Apostolou Plaintiffs are in violation of the automatic stay and in contempt of court.

**B.  Smith and the Apostolou Plaintiffs Violated the May 12 Order.**

30. The May 12 Order prohibits three of the Apostolou Plaintiffs, John, Eva and Joanna, "and all persons acting for them, as their agents, or in concert with them, or otherwise at their direction or under their control . . . [from interfering] in the Debtors' business in any way, including, without limitation, by contacting employees, vendors, landlords, tenants, franchisees, and creditors."

31. It is difficult to imagine a greater interference with the Debtors' business than by suing their principal creditor and their franchisees for hundreds-of-millions of dollars and requesting injunctions against them being involved in that business and bidding at the expected sale of assets.

32. Moreover, Smith and the Apostolou Plaintiffs caused the Apostolou Complaint to be served upon the franchisees and a creditor, Fifth Third. Such service constitutes a contact with those franchisees and creditor.

33. Smith acted as the agent of, and he, Basil Apostolou and George Apostolou are acting in concert with, John, Eva and Joanna Apostolou in the filing of the

Apostolou Complaint. Consequently, Smith and all the Apostolou Plaintiffs are in violation of the May 12 Order.

WHEREFORE, Fifth Third asks the Court to enter an order:

(a) Determining that Smith and the Apostolou Plaintiffs are in contempt of court for their violations of the automatic stay, § 362(a) of the Code;

(b) Determining that Smith and the Apostolou Plaintiffs are in contempt of court for their violations of the May 12 Order;

(c) Enjoining Smith and the Apostolou Plaintiffs from taking any action to prosecute the Apostolou Complaint in the Circuit Court of Cook County, Illinois;

(d) Enjoining Smith and the Apostolou Plaintiffs from initiating any other actions or proceedings in any forum relating in any way to the Debtors, the business of the Debtors or Fifth Third's transactions with the Debtors without first obtaining leave of this Court;

(e) Imposing additional sanctions on each of Smith and the Apostolou Plaintiffs, including monetary penalties sufficient to (i) compensate Fifth Third for the harm it has suffered as the result of the filing of the Apostolou Complaint (including its attorneys' fees and expenses and reasonable compensation for the time required of its employees to respond to the Apostolou Complaint), and (ii) deter them from further violating the automatic stay and the May 12 Order; and

(f) Granting such further relief as the Court deems appropriate.

-12-

Dated: August 11, 2011            Respectfully submitted,

FIFTH THIRD BANK

By:   /s/ Randall L. Klein  
      One of Its Attorneys

Randall L. Klein
Ronald Barliant
Zachary J. Garrett
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 11, 2011, a true and correct copy of the foregoing **NOTICE OF MOTION** and **MOTION FOR SANCTIONS AND FOR ORDER OF CONTEMPT AGAINST ZANE SMITH AND PLAINTIFFS IN THE APOSTOLOU LAWSUIT** was filed with the Clerk of the Court using the CM/ECF system, which then sent notification electronically to counsel of record and was further served by messenger and/or overnight Federal Express to certain parties, as indicated below:

The following were served electronically via CM/ECF:

- Thomas V Askounis    taskounis@askounisdarcy.com, jburt@askounisdarcy.com;jham@askounisdarcy.com
- Heather L Blaise    heather.blaise@gmail.com
- Jennifer S Burt    jburt@askounisdarcy.com
- Christopher M Cahill    ccahill@lowis-gellen.com, abockman@lowis-gellen.com
- Carmen D Caruso    cdc@cdcaruso.com, sms@cdcaruso.com
- Joshua W Cohen    jwcohen@daypitney.com
- Christopher Combest    ccombest@quarles.com, Faye.Feinstein@quarles.com
- Yeny Estrada    estrada@wildman.com, connor@wildman.com;ecf-filings@wildman.com
- Thomas R. Fawkes    tfawkes@freebornpeters.com, bkdocketing@freebornpeters.com
- Faye B Feinstein    faye.feinstein@quarles.com, stella.love@quarles.com;anthony.steinike@quarles.com
- Chester H. Foster    chf@fostersmithlaw.com, jbf@fostersmithlaw.com;dbf@fostersmithlaw.com
- James G Froberg    jgfroberg@lowis-gellen.com, jgfroberg@aol.com
- Zachary J Garrett    zachary.garrett@goldbergkohn.com
- Cameron M Gulden    USTPRegion11.es.ecf@usdoj.gov, cameron.m.gulden@usdoj.gov;USTPRegion11.es.ecf@usdoj.gov
- Aaron L Hammer    ahammer@freebornpeters.com, bkdocketing@freebornpeters.com
- Christopher J. Horvay    chorvay@gouldratner.com
- Brian J Jackiw    bjackiw@freebornpeters.com, bkdocketing@freebornpeters.com
- Vivek Jayaram    vivek@jayaramlaw.com
- Gregory J Jordan    gjordan@jka-law.com
- Danielle Juhle    danielle.juhle@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Kathryn A Klein    iln@riezmanberger.com, riezmanberger@gmail.com
- Randall Klein    randall.klein@goldbergkohn.com, amy.halpin@goldbergkohn.com;logan.stortz@goldbergkohn.com
- Richard S Lauter    rlauter@freebornpeters.com, bkdocketing@freebornpeters.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Joanne Lee    jlee@foley.com, khall@foley.com
- Terri M Long    Courts@tmlong.com
- Thomas J Magill    tom.magill@quarles.com, laura.belmonte@quarles.com
- Philip V Martino    philip.martino@quarles.com
- Philip V Martino    philip.martino@quarles.com, pmartino@ecf.epiqsystems.com;jim.irving@DLApiper.com;colleen.greer@quarles.com;wemet@quarles.com

- Mary E Olson    molson@wildman.com, ecf-filings@wildman.com
- Andre Ordeanu    andre@zanesmith.com, Patty@Zanesmith.com
- Lars A Peterson    lapeterson@foley.com
- James M Philbrick    jmphilbrick@att.net
- Jeffrey R Platt    jplatt@comanderson.com, ejurgenson@comanderson.com
- Mark L Radtke    mradtke@shawgussis.com, bharrington@shawgussis.com
- Jason R. Sleezer    jsleezer@skcounsel.com, rybarra@skcounsel.com
- Lawrence A. Stein    lstein@huckbouma.com, lkoster@huckbouma.com
- Jeffrey Strange    jstrangelaw@aol.com, william.georgakis@gmail.com
- Pia N Thompson    pthompson@gouldratner.com, bburns@gouldratner.com
- Steven B Towbin    stowbin@shawgussis.com

The following were served via messenger:

Zane Smith
Zane D. Smith & Assoc., Ltd.
415 N. LaSalle St., Suite 300
Chicago, IL 60654

John Apostolou
Eva Apostolou
Basil Apostolou
George Apostolou
Joanna Apostolou
c/o Zane Smith
Zane D. Smith & Assoc., Ltd.
415 N. LaSalle St., Suite 300
Chicago, IL 60654

The following were served via overnight Federal Express:

John Apostolou
2330 Mohawk Lane
Glenview, IL 60026

Eva Apostolou
2330 Mohawk Lane
Glenview, IL 60026

Dated: August 11, 2011          /s/ Randall L. Klein
                                Randall L. Klein
                                GOLDBERG KOHN LTD.
                                55 East Monroe Street, Suite 3300
                                Chicago, Illinois 60603
                                (312) 201-4000