UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | Chapter 11 |
| | ) | |
| GIORDANO'S ENTERPRISES, INC. | ) | Case No. 11-06098 |
| | ) | (Substantively Consolidated)[1] |
| | ) | |
| Consolidated Debtor. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| | ) | |
| | ) | |

**FOURTH ORDER AMENDING
FINAL CASH COLLATERAL/DEBTOR IN POSSESSION FINANCING ORDER**

This matter coming on to be heard on the motion (the "Motion") of Philip V. Martino, the duly appointed and serving Chapter 11 trustee (the "Trustee") for the substantively consolidated bankruptcy estate of Giordano's Enterprises, Inc., and the its thirty-two (32) debtor-affiliates (collectively, the "Debtors") requesting that this Court enter an order amending the Order Authorizing Debtors to: (A) Use Cash Collateral; (B) Incur Postpetition Debt; and (C) Grant Adequate Protection and Provide Other Relief To Fifth Third Bank (Docket No. 103) (as amended by that certain Order Approving Amendments to Debtor-In-Possession Loan Agreement and Amending Final Cash Collateral Order/Debtor-In-Possession Financing Order,

---

[1] The chapter 11 estates of the Debtors in the following cases have been substantively consolidated into and with the chapter 11 estate of Giordano's Enterprises, Inc.: Illinois Management Company, Inc., JBA Equipment Finance, Inc., Altamonte Partners, LLC, Giordano's Franchise, Inc., Giordano's of Florida, Inc., Giordano's Restaurants, Inc., Giordano's Famous Stuffed Pizza, Inc., Americana Foods, Inc., Pizza Pizazze, Inc., Giordano's, LLC, Oakbrook Partners, LLC, Randolph Partners, LLC, Randolph Partners, LLC 20-24 Series, Randolph Partners, LLC – 327 Series, Randolph Partners, LLC – Lake Street Series, Randolph Partners, LLC – Formosa Series, Randolph Partners, LLC – Minooka Series, Randolph Partners, LP, Randolph Partners, LLC – 740 Series, Randolph Partners, LLC – 308 Series, Randolph Partners, LLC – Ogden Oswego Series, Randolph Partners, LLC – 1425 Series, Randolph Partners, LLC – Mount Prospect Series, Belmont Pizza, Inc., Rush Pizza, Inc., Greektown Pizza, Inc., Rosemont Pizza, Inc., Willowbrook Pizza, Inc., Randolph Partners, LLC – Sherberth Series, Randolph Partners, LLC – Oakbrook Partners Series, Randolph Partners, LLC – Cotton Lane Series, and Randolph Partners, LLC – Randall Orchard Series.

3715633v4 12/8/2011 2:38 PM    6660.002

QB\15308918.2

entered on May 27, 2011 at Docket No. 378, that certain Second Order Approving Amendments to Debtor-In-Possession Loan Agreement and Amending Final Cash Collateral/Debtor-In-Possession Financing Order, entered on August 16, 2011 at Docket No. 621, that certain Third Order Approving Amendments to Debtor-In-Possession Loan Agreement and Amending Final Cash Collateral/Debtor-In-Possession Financing Order, entered on November 3, 2011 at Docket No. 933, the "Final Cash Collateral/DIP Financing Order[2]"); notice of the Motion being sufficient under the circumstances; the Court having examined the Motion, being fully advised of the relevant facts and circumstances surrounding the Motion, and having completed a hearing on the Motion; and objections, if any, having been withdrawn, resolved or overruled by the Court;

**THE MOTION IS GRANTED AND IT IS HEREBY ORDERED THAT:**

    1.    Paragraph 2 of the Final Cash Collateral/DIP Financing Order is hereby amended to add the following new Paragraph 2(f) to the end thereof:

> "(f)    Surviving Obligations. Notwithstanding anything to the contrary in the Prepetition Documents or the Postpetition Documents, upon the occurrence of the Termination Date, Debtors shall remain liable under the Final Cash Collateral/DIP Financing Order and Postpetition Documents for the Surviving Obligations. "Surviving Obligations" means (i) the obligations of Debtors under the Prepetition Documents and the Postpetition Documents, including, without limitation, that certain Limited Payoff Letter and Partial Termination of Security Interest re Giordano's Enterprises, Inc. and certain other Borrowers, dated as of November 30, 2011 (the "Payoff Letter"), (including indemnification obligations and including, without limitation, indemnification obligations with respect to the pending litigation filed in the Circuit Court of Cook County, Illinois, No. 11 CH 27344 and such other related federal pleadings arising in, under or related to such litigation and any of the claims, causes of actions, suits or damages related thereto (the "Apostolou Litigation")) that by the terms of the Prepetition Documents and the Postpetition Documents survive the termination thereof, and (ii) other obligations of Debtors under the Prepetition Documents and the Postpetition Documents (including the Payoff Letter) to reimburse Fifth Third for fees, costs and expenses that may become due and payable after the date hereof. The Aggregate Debt shall be deemed outstanding to the extent of the Surviving Obligations for all purposes under the Final Cash Collateral/DIP Financing Order, including being secured by the Aggregate Collateral. Debtors shall remain obligated to pay all Postpetition Charges (including attorneys' fees and expenses incurred by Fifth Third) in connection with the Apostolou Litigation. In furtherance thereof, Fifth Third has incurred an initial obligation in the form of a retainer

---

[2] All capitalized terms not otherwise defined in this Order shall have the meaning set forth in the Final Cash Collateral/DIP Financing Order.

-2-

paid to its counsel in the amount of $350,000 (the "Initial Retainer"), and Debtors have reimbursed Fifth Third for the amount of the Initial Retainer pursuant to the Payoff Letter. The Debtors shall remain obligated to pay Postpetition Charges (including indemnification obligations) upon demand in accordance with the terms of the Postpetition Credit Agreement, without application against the Initial Retainer and the Initial Retainer shall be returned to Debtors as provided in the Payoff Letter".

2. Paragraph 5(a) of the Final Cash Collateral/DIP Financing Order is hereby amended and restated in its entirety as follows:

"(a) Effect of Termination Date. Unless extended by the Court upon the written agreement of Postpetition Lender, upon the Termination Date without further notice or order of the Court: (1) Debtors' authorization to incur Postpetition Debt hereunder will automatically terminate; (2) Debtors' right to borrow any additional DIP Loans under the Postpetition Credit Agreement will automatically terminate and (3) at Postpetition Lender's election: (i) the Postpetition Debt shall be immediately due and payable, (ii) Debtors shall be prohibited from using Cash Collateral for any purpose other than in accordance with this Order and (iii) Postpetition Lender shall be entitled to setoff any cash in Lenders' possession or control and apply such cash to the Aggregate Debt in accordance with Paragraph 2(d) and Paragraph 2(f) of this Order."

3. Paragraph 5 of the Final Cash Collateral/DIP Financing Order is hereby amended to add the following new Paragraph 5(d) to the end thereof:

"(d) Cash Collateral Termination Date. Notwithstanding the occurrence of the Termination Date, the Trustee may cause the Debtors' estates to use Cash Collateral to enable the Debtors to pay the expenses set forth in the Budget until the Cash Collateral Termination Date."

4. Paragraph 17 of the Final Cash Collateral/DIP Financing Order is hereby amended and restated in its entirety as follows:

"17. Notice of and Objections to Postpetition Charges. Postpetition Lender shall provide, by electronic mail, the Trustee with copies of all invoices of (i) Postpetition Lender's counsel or (ii) Postpetition Lender's other professionals (including, without limitation, any consultants, experts, appraisers and financial advisors retained by Postpetition Lender) with respect to the professional fees and related costs and expenses asserted as Postpetition Charges that are incurred from and after the Filing Date, provided, however, that such invoices shall be deemed protected by "common interest privilege" (the "Invoices"). Upon request, the Committee shall have the opportunity to review such Invoices and may object solely to the reasonableness of any such fees, costs and expenses; provided, however, that any such objection shall be forever waived and barred unless, within 10 days after receipt of the invoice to which the objection relates: (1) the objection is filed with the Court and served upon Postpetition Lender and its counsel; and (2) the objection describes with particularity the items or categories of fees, costs and expenses (and is not an objection to incurred fees generally). Any hearing on an objection to the fees, costs and expenses of Postpetition Lender set forth on any invoice shall be limited to the reasonableness of the particular items or categories of the

fees, costs and expenses. The disallowance of any such fees and expenses shall not affect Postpetition Lender's right to collect such amounts from any person or entity other than Debtors.

5. The definition of "Postpetition Charges" set forth on Exhibit A to the Final Cash Collateral/DIP Financing Order is hereby amended and restated in its entirety as follows:

"47. ***Postpetition Charges***. Interest on any unpaid Aggregate Debt at the default rate of interest under the Postpetition Credit Agreement and all fees, costs, and expenses provided for in the Postpetition Credit Agreement, including, without limitation, those incurred by Postpetition Lender in connection with the Postpetition Debt (regardless of whether any such fees, costs, interest and other charges are included in the Budget), any and all of Debtors' obligations to indemnify the Indemnified Persons (as defined in the Postpetition Credit Agreement, including Postpetition Lender) arising from or related to the Apostolou Litigation.

6. Exhibit A to the Final Cash Collateral/DIP Financing Order is hereby amended to add the following definitions of "Apostolou Litigation" and "Cash Collateral Termination Date" to the end thereof:

"63. ***Apostolou Litigation***. The pending litigation filed in the Circuit Court of Cook County, Illinois, No. 11 CH 27344 and such other pleadings arising in, under or related to such litigation and/or the Cases, including any federal litigation.

64. ***Cash Collateral Termination Date***. The earlier of (i) January 31, 2012 or such later date as may be consented to in writing by Postpetition Lender with notice to the Committee or (ii) the date on which Postpetition Lender notifies Trustee in writing of a breach of this Order, including the failure to timely pay any Postpetition Charges.

7. Effective as of the date hereof, the Budget attached at Exhibit B to the Final Cash Collateral/DIP Financing Order is replaced with the revised Budget attached hereto at <u>Exhibit A</u>. The Budget may be revised or extended by agreement between Trustee and the Postpetition Lender without further order of the Court. In such event, however, Trustee shall file the revised Budget with the Court and thereby provide notice to parties of such revision.

8. Except as expressly set forth herein, the terms of the Final Cash Collateral/DIP Financing Order are not altered and remain in full force and effect.

      9.    The terms of this Order were negotiated in good faith and at arm's length, and the Postpetition Debt (as amended hereby) has been extended in good faith, as that term is used in Section 364(e) of the Bankruptcy Code, and the Postpetition Debt (as amended hereby) is entitled to the protections of Section 364(e) of the Bankruptcy Code.

DATED: December 21, 2011

ENTER:

_____
Honorable Eugene R. Wedoff
United States Bankruptcy Judge

QB\15308918.2

Exhibit A

**Budget**

[see attached]

QB\15308918.2

**Giordano's Enterprises, Inc and Related Debtors**
**Cash Receipts & Disbursement Budget**
**December 01, 2011 thru January 31, 2012**

|  | Dec '11 | Jan '12 | Total |
|---|---:|---:|---:|
| **Final Receipts from Operations & Asset Sales** | | | |
| Sale of Dale Mabry Property | 804,317 | - | 804,317 |
| Final Closing Proceeds from Auction | 50,000 | - | 50,000 |
| Sale of Equipment, net of Removal Costs | 100,000 | - | 100,000 |
| Final Store Deposits | 58,547 | - | 58,547 |
| Close "Former" Non-Debtor BOA Accounts | 169,239 | 50,000 | 219,239 |
| **Total Cash Receipts** | **1,182,103** | **50,000** | **1,232,103** |
| | | | |
| **Cash Disbursements:** | | | |
| Final asset sale closing expenses and payments | 272,631 | | 272,631 |
| Final Trade Accounts Payable | 150,000 | 50,000 | 200,000 |
| Final Utility Invoices | 50,000 | 50,000 | 100,000 |
| Final Insurance/Operating Expenses | 50,000 | 25,000 | 75,000 |
| Stub Period Payroll, including Taxes | 330,000 | - | 330,000 |
| Employee Post-Petition Vacation Accrual | 110,000 | - | 110,000 |
| Remaining 503(b)9 Claims | 35,000 | - | 35,000 |
| November Sales Taxes-9 Stores | 20,000 | - | 20,000 |
| UST Fees-4th Qtr 2011: | - | 69,650 | 69,650 |
| Record retention | - | 25,000 | 25,000 |
| Professional Fees & Expenses: | | | - |
|   Trustee | 64,000 | 588,000 | 652,000 |
|   Quarles & Brady | 336,000 | 349,256 | 685,256 |
|   DSI | 150,000 | 310,881 | 460,881 |
|   Freeborn Peters | 165,100 | 151,624 | 316,724 |
|   KCC (Claims Agent) | 25,000 | 25,000 | 50,000 |
| **Total Disbursements** | **1,757,731** | **1,644,411** | **3,402,142** |
| | | | |
| **Net Positive(Negative) Cash for Period** | (575,628) | (1,594,411) | (2,170,039) |
| **Beginning Cash Balance at 12/1/11** | 5,799,042 | 5,223,414 | 5,799,042 |
| | | | |
| **Ending Cash Balance** | **5,223,414** | **3,629,003** | **3,629,003** |