**FILED**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAN 11 2012

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

In re:                                                         )
                                                               )
                                                               )      Case No. 11 B 06098
    GIORDANO'S ENTERPRISES, INC.,                              )
    et al.,                                                    )
                                                               )
                                                               )      Chapter 11
                                                               )
            Debtors.                                           )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER AWARDING TO FREEBORN & PETERS LLP, ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $173,801.00 | TOTAL COSTS REQUESTED: | $421.54 |
| TOTAL FEES REDUCED: | $747.50 | TOTAL COSTS REDUCED: | $168.88 |
| TOTAL FEES ALLOWED: | $173,053.50 | TOTAL COSTS ALLOWED: | $252.66 |

**TOTAL FEES AND COSTS ALLOWED: $173,306.16**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(1)    Improper Allocation of Professional Resources**

    The Court denies the allowance in part of compensation for the following task since a professional with a lower level of skill and experience or a paraprofessional could have performed the task. *In re Pettibone*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [Citation omitted]. Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate."); *In re Wildman*, 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987) (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner).

**(3)    Reimbursement Limited to Actual, Necessary Expenses**

    The Court denies the allowance of reimbursement for expenses that were not actually and necessarily incurred by the applicant. *See* 11 U.S.C. §§ 330(a)(1)(B) & 331. The fee application fails to demonstrate that the requested expenses for photocopies or facsimiles (or both) were actual out-of-pocket disbursements and that the quoted rates were necessary in light of prevailing (and lower) commercial rates. In the absence of such proof, the Court will allow reimbursement of photocopy expenses at a rate of $.10 per page in accordance with prevailing commercial rates and will not allow expenses for facsimiles.

**(6)    Meal Expenses**

    The Court denies the allowance of reimbursement of this meal expense. *In re Covent Guardian Corp.*, 103 B.R. 937, 942 (Bankr. N.D. Ill. 1989) ("[I]t is highly unlikely that counsel could prove that the meal expenses were reasonably necessary for the proper representation of the debtor . . . If the attorney were not working on the case, he

would still have to eat. Accordingly, the Court finds that, except in very limited circumstances, local meals are not reasonably necessary for the proper representation of the client.").

Dated: January 11, 2012

_____
Eugene R. Wedoff
United States Bankruptcy Judge

Freeborn & Peters LLP

3                                                          October 11, 2011

| | | | | |
|---|---|---|---|---|
| ① Sep 5, 2011 | RSL | Research regarding legal standards for allowing proof of claim to be filed after bar date (1.3). | 1.30 -1.3 × $575 = -$747.50 |
| Sep 6, 2011 | KCS | Circulate amended agenda to Richard Lauter for hearings on September 8, 2011 (0.2). | 0.20 |
| Sep 6, 2011 | RSL | Multiple e-mail correspondence with Thomas Fawkes regarding September 6th court hearing and review of memorandum regarding same (0.7); multiple e-mail correspondence with Phil Martino regarding September 6th court hearing on pending matter (0.4). | 1.10 |
| Sep 7, 2011 | RSL | Review of revised Louie settlement motion and order (0.5). | 0.50 |
| Sep 8, 2011 | RSL | E-mail correspondence with Phil Martino regarding Louie settlement and joint venture term sheet (0.2); review of documents regarding same (0.4). | 0.60 |
| Sep 9, 2011 | RSL | Review of article regarding Gino's East and bid for GEI assets (0.3). | 0.30 |
| Sep 9, 2011 | RSL | Multiple e-mail correspondence with Chris Combest and Phil Martino regarding revised Louie settlement motion and order and review of same (0.5). | 0.50 |
| Sep 12, 2011 | RSL | Review e-mail correspondence from Tom Magill and David Christian regarding franchisees settlement order (0.5); multiple e-mail correspondence and telephone conferences with Creditors' Committee regarding end of tolling period regarding Fifth Third (1.8). | 2.30 |
| Sep 15, 2011 | RSL | Multiple e-mail correspondence with Phil Martino and Randy Klein regarding substantive consolidation (0.4). | 0.40 |
| Sep 16, 2011 | TRF | Review draft motion and order concerning Hayssam Elkoussa and Sand Lake, Florida store (0.7); e-mail correspondence with Chris Combest, et al. regarding Committee's consent to same (0.1). | 0.80 |
| Sep 19, 2011 | AH | Review trustee's motion to approve compromise or settlement per Rule 9019 with certain non-debtors in furtherance of resolution of prepetition litigation (0.9). | 0.90 |

Exhibit A / Page 37 of 38

Freeborn & Peters LLP

2                                                                October 11, 2011

Statement No: 100045306

For professional services rendered with regard to:

Re: <u>Expenses</u>

## DISBURSEMENTS

| | | | | |
|---|---|---|---|---|
| Aug 4, 2011 | PYC | Telephone<br>Arkadin ref: Giordano's | | 31.03 |
| Aug 31, 2011 | HF | Computer Legal Research - Law Bulletin<br>VENDOR: Law Bulletin Publishing Company;<br>INVOICE#: 1464525; DATE: 8/31/2011<br>08/11 Monthly online docket charges | | -$ 84.50 |
| Sep 14, 2011 | FIRM | Photocopying | | 56.80 |
| Sep 14, 2011 | FIRM | Postage<br>3 Envelopes | | 15.48 |
| Sep 15, 2011 | AH | Meal and Conference Expense<br>VENDOR: Hammer, Aaron L; INVOICE#:<br>091511; DATE: 9/15/2011<br>09/15 Breakfast meeting with potential bidder. | | -$ 84.38 |
| Sep 15, 2011 | AH | Local Transportation<br>VENDOR: Hammer, Aaron L; INVOICE#:<br>091511; DATE: 9/15/2011<br>09/15 Parking charge re: breakfast meeting with<br>potential bidder. | | 3.00 |

(handwritten annotations: ③ next to Aug 31 entry; ⑥ next to Sep 15 Meal entry)

## DISBURSEMENT SUMMARY

| | |
|---|---|
| Photocopying | 56.80 |
| Postage | 15.48 |
| Local Transportation | 3.00 |
| Telephone | 31.03 |
| Computer Legal Research - Law Bulletin | 84.50 |