**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GEI-RP, | ) | Case No. 11-06098 |
| | ) | (Substantively Consolidated) |
| Consolidated Debtor. | ) | |
| | ) | Hon. Eugene R. Wedoff |

**FINAL REPORT OF CHAPTER 11 TRUSTEE**
**FILED PURSUANT TO FED. R. BANKR. P. 1019(5)(A)(ii)**

Philip V. Martino, the duly appointed and serving chapter 7 trustee and former chapter 11 trustee (the **"Trustee"**) for the consolidated bankruptcy estate administered through the captioned case, hereby submits the following final report regarding the chapter 11 proceedings in the captioned cases.

1. On February 16 and 17, 2011, thirty-three voluntary petitions for relief, a full list of which is available at http://www.kccllc.net/giordanos, were filed by the debtors herein under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 *et seq.* (the **"Code"**).

2. Pursuant to Bankruptcy Code §§1107(a) and 1108, the thirty-three debtors (collectively, "**Debtors**") initially operated their businesses and managed their financial affairs as debtors in possession.

3. On May 12, 2011, upon the motion of the United States Trustee, the Court appointed Philip V. Martino to be the chapter 11 trustee for each of the Debtors, thereby taking the Debtors out of possession and placing their assets and businesses under the control of the Trustee.

4. On November 8 and 9, 2011, the Court entered orders in the individual chapter 11 cases of each of the thirty-three separate Debtors, which orders, collectively, consolidated the assets and liabilities of the thirty-three separate Debtors into one estate (the **"Consolidated**

**Estate"**), administered in the name of "Giordano's Enterprises, Inc." and under Consolidated Case No. 11-06098.

5. On May 2, 2012 (the **"Conversion Date"**), an order converting the consolidated chapter 11 cases to a single consolidated case under chapter 7 was entered on the docket (Docket No. 1264) (the **"Conversion Order"**). The Conversion Order authorized the use of the consolidated case caption set forth above.

6. The United States Trustee has appointed Mr. Martino to continue as chapter 7 trustee in the converted cases.

7. As of the Conversion Date, the Consolidated Estate held cash in the sum of $4,163,344.82.

8. As of the Conversion Date, all assets of the Consolidated Estate had been sold or assigned, with the following exceptions:

    (a) certain Florida real property detailed in the Court's *Order (I) Approving Settlement of Claims Arising from or Related to Certain Contested Matters, Adversary Proceedings, and State Court Litigation and (II) Shortening and Limiting Notice* (Docket No. 1244), which property is to be transferred out of the Consolidated Estate on or about June 4, 2012, upon consummation of the settlement authorized by that Order;

    (b) two parcels of vacant, mixed-use real property located at 1415 N. Pulaski Road in Chicago, Illinois; the Trustee has filed an application (Docket No. 1293) to retain Hilco Real Estate, LLC, to assist him in selling those parcels;

    (c) certain permits and licenses, including liquor licenses, under which the purchaser of the Debtors' restaurant operations and franchising business continues to operate until it can secure necessary permits and licenses in its own name, all as authorized by the Court (Docket No. 1287);

    (d) a settlement in principle of eminent domain litigation commenced prepetition in the Circuit Court of the Eighteenth Judicial District, Du Page County, Illinois as Case No. 10 ED 03, by the Illinois Department of Transportation against Debtors Giordano's Enterprises, Inc., and Oakbrook Partners, LLC, among others, which settlement has been approved by the Court (Docket No. 1264) and pursuant to which the Consolidated Estate will receive a total of $90,000 from the State of Illinois; and

(e) a potential settlement of an appeal pending in the United States District Court for the Seventh Circuit, titled *Indian Harbor Insurance Company v. Randolph Partners, LLC-740 Series, and Giordano's Enterprises, Inc.*, Appeal No. 10-3376, which settlement is still being negotiated.

9. The orders authorizing the sales of the Debtors' assets are as follows:

(a) Order (A) Approving (I) Sale of Membership Interests of Certain Debtors in Certain Limited Liability Companies to Business Keys, LLC, and Superior Elite, LLC, Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Assumption and Assignment of Lease of Nonresidential Real Property and Determination of Cure Amount; (III) Settlement of Certain Related Disputes with Purchasers and Elias Giannakopoulos, and (IV) Related Relief, and (B) Shortening and Limiting Notice (Docket No. 762);

(b) Order (I) Approving (A) Sale of North Aurora Parcel Free and Clear of Liens, Claims, Encumbrances, and Interests; (ii) Assumption and Assignment of Real Estate Sales Contract and (II) Shortening and Limiting Notice (Docket No. 847);

(c) Order (A) Authorizing (I) the Retention and Employment of Hilco Fixed Asset Recovery, LLC as Liquidator of Certain Furniture, Fixtures and Equipment under 11 U.S.C. §§327 and 328(a) and (II) the Sale of Certain Furniture, Fixtures and Equipment Free and Clear of Liens, Claims, Encumbrances and Interests and (B) Shortening and Limiting Notice (Docket No. 857);

(d) Order (A) Approving (I) Transfer of Real Property of Certain Debtor to Bridgeview Bank Group, Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Settlement of Certain Related Disputes with Bridgeview Bank Group and Debtors, and (III) Related Relief and (B) Shortening and Limiting Notice (Docket No. 950);

(e) Order (A) Approving (I) Sale of Membership Interests of Debtor Giordano's of Florida, Inc., in Non-Debtor Giordano's of Orlando, LLC, to Omega Marketing & Management, LLC, Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Assumption and Assignment of Leases of Nonresidential Real Property and Determination of Cure Amounts; (III) Settlement of Certain Related Disputes, and (IV) Related Relief and (B) Shortening And Limiting Notice (Docket No. 991);

(f) Order (A) Approving Sale of Substantially All of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105(a) and 363 to VPC Pizza Operating Corp. (Or Its Designee) and (B) Authorizing Trustee to Assume and Assign Executory Contracts and Unexpired Leases to VPC Pizza Operating Corp. (Or Its Designee) and Fixing Cure Amounts Pursuant to 11 U.S.C. §365" (Docket No. 992);

(g) Order (A) Approving Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105(a) and 363 to

3

Origin Funding, LLC, and (B) Authorizing Trustee to Assume and/or Assign Certain Related Executory Contracts and Leases to Origin Funding, LLC, and Fixing Cure Amounts Pursuant to 11 U.S.C. §365 (Docket No. 993);

(h)    Order (A) Approving Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 105(a) and 363 to VPC Pizza Properties Corp. (Or Its Designee) and (B) Authorizing Trustee to Assume and Assign Executory Contracts and Unexpired Leases to VPC Pizza Properties Corp. (Or Its Designee) and Fixing Cure Amounts Pursuant to 11 U.S.C. §365 (Docket No. 994);

(*i*)    Order on Trustee's Motion for entry of an Order (I) Approving Sale of the Dale Mabry Parcels to BW Dale Mabry and Gray, LLC, Free and Clear of Liens, Claims, Encumbrances, and Interests; and (II) Shortening and Limiting Notice (Docket No. 1032);

(j)    Order Pursuant to 11 U.S.C. §§105(a) and 363 Approving Sale of Sherberth Property, Free and Clear of Liens, Claims, Encumbrances, and Interests, to Garrison Orlando Land II LLC or Walt Disney Parks and Resorts U.S., Inc. (f/k/a Walt Disney World Hospitality & Recreation Corporation) (Docket No. 1159); and

(k)    Order (I) Approving Sale of the Pulaski Road Properties to Michael Farmer, Free and Clear of Liens, Claims, Encumbrances, and Interests; (ii) Limiting Notice, and (III) Granting Related Relief (Docket No. 1240).

10.    On May 16, 2012, the Trustee filed a schedule of unpaid postpetition debts (Docket No. 1288), as required by Fed. R. Bank. P. 1019(5)(A)(i), which is incorporated herein by this reference. Briefly, the only such debts are (a) a debt alleged by Commonwealth Edison Co. to be owed by Debtor Americana Foods, Inc., and which the Trustee disputes, and (b) obligations for unpaid compensation and related reimbursable expenses owes to professionals retained by Court orders in the chapter 11 proceedings.

Dated: June 1, 2012         PHILIP V. MARTINO, not individually, but solely
                              as chapter 7 Trustee for the captioned consolidated estate
                          By:    /s/  Christopher Combest
                                 One of his attorneys

Christopher Combest
Quarles & Brady LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60654
Telephone: (312) 715-5000; FAX: (312) 632-1727