### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 11 B 06098 |
| GEI-RP, | ) | |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING APPLICATION OF QUARLES & BRADY, ATTORNEYS FOR THE TRUSTEE, FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $46,832.50 | TOTAL COSTS REQUESTED: | $460.22 |
| TOTAL FEES REDUCED: | $1,789.25 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $45,043.25 | TOTAL COSTS ALLOWED: | $460.22 |

### TOTAL FEES AND COSTS ALLOWED: $45,503.47

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(1)      Improper Allocation of Professional Resources**

The Court denies the allowance in part of compensation for the following task since a professional with a lower level of skill and experience or a paraprofessional could have performed the task. *In re Pettibone*, 74 B.R. 293, 303 (Bankr. N.D. Ill. 1987) ("Senior partner rates will be paid only for work that warrants the attention of a senior partner. A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [Citation omitted]. Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate."); *In re Wildman*, 72 B.R. 700, 710 (Bankr. N.D. Ill. 1987) (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner).

**(2)      Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone*

*Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

(4)      **Insufficient Description**

The Court denies the allowance of compensation for the following task since the description of the time entry fails to identify in a reasonable manner the service rendered. *In re Pettibone*, 74 B.R. 293, 301 (Bankr. N.D. Ill. 1987) ("A proper fee application must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. [Citation omitted] Records which give no explanation of the activities performed are not compensable."); *In re Wildman*, 72 B.R. 700, 708-9 (Bankr. N.D. Ill. 1987) (same).

(7)      **Lumping**

The Court may impose a ten percent penalty for "lumping." *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

Dated: July 15, 2014

Eugene R. Wedoff
United States Bankruptcy Judge