IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>GEI-RP,<br><br>          Consolidated Debtor. | Chapter 7<br><br>Case No. 11-06098<br>(Substantively Consolidated)<br><br>Hon. Eugene R. Wedoff<br><br>**Hearing Date: April 28, 2015**<br>**Hearing Time:  10:00 a.m.** |

# NOTICE OF MOTION

  PLEASE TAKE NOTICE  that on April 28, 2015, at 10:00 a.m., we will appear before the Honorable Eugene R. Wedoff, or any Judge as may be presiding in that Judge's stead, in Courtroom 744, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL  60604, and present this, the **Trustee's Motion for an Order Approving the Sale of Certain Assets of the Debtors' Consolidated Estate to Oak Point Partners, Inc. Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363, to Limit Notice, and for Related Relief**, a copy of which is attached hereto, made a part hereof, and herewith served upon you.

| | |
|---|---|
| Dated: April 7, 2015 | PHILIP V. MARTINO, not individually, but solely as chapter 7 trustee for the captioned consolidated estate<br><br>By:    /s/ Christopher Combest<br>        One of his attorneys |

Christopher Combest
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
Phone: (312) 715-5000
FAX: (312) 632-1727
christopher.combest@quarles.com

# **CERTIFICATE OF SERVICE**

I, Christopher Combest, an attorney, certify that, on the 7th day of April, 2015, I caused the **Trustee's Motion for an Order Approving the Sale of Certain Assets of the Debtors' Consolidated Estate to Oak Point Partners, Inc. Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363, to Limit Notice, and for Related Relief** (the **"Motion"**), along with the preceding Notice and a proposed Order granting the Motion, to be filed electronically, via the Court's CM/ECF System, and thereby to be served upon the parties listed below, to whom the System automatically delivered an electronic copy of each such filing at the following electronic mail addresses:

- Thomas V Askounis    taskounis@askounisdarcy.com, akapai@askounisdarcy.com
- Ronald Barliant    ronald.barliant@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Jennifer S Burt    jburt@lavellelaw.com
- Christopher M Cahill    ccahill@lowis-gellen.com, abockman@lowis-gellen.com
- Carmen D Caruso    cdc@cdcaruso.com, sms@cdcaruso.com
- Joshua W Cohen    jwcohen@daypitney.com, arametta@daypitney.com
- Michael M. Eidelman    meidelman@vedderprice.com, ecfdocket@vedderprice.com
- Yeny C. Estrada    yeny.estrada@lockelord.com, karen.soto@lockelord.com;ECFFilings@edwardswildman.com
- Thomas R. Fawkes    tomf@restructuringshop.com
- Chester H. Foster    chf@fosterlegalsvcs.com, dbf@fosterlegalservices.com
- Eric A Freeland    eaf@lorenzinilaw.com
- Jonathan P Friedland    jfriedland@lplegal.com, jthompson@lplegal.com
- James G Froberg    jgfroberg@lowis-gellen.com, jgfroberg@aol.com
- Zachary J Garrett    zachary.garrett@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Cameron M Gulden    USTPRegion11.es.ecf@usdoj.gov
- Aaron L. Hammer    ahammer@sugarfgh.com, chorvay@sugarfgh.com;mbrandess@sugarfgh.com;joconnor@sugarfgh.com;mmelickian@sugarfgh.com;bkdocket@sugarfgh.com;dmadden@sugarfgh.com
- Dean C Harvalis    USTPRegion11.es.ecf@usdoj.gov, constantine.harvalis@usdoj.gov
- Stephanie K. Hor-Chen    schen@vedderprice.com, ecfdocket@vedderprice.com
- Christopher J. Horvay    chorvay@SugarFGH.com, mmelickian@sugarfgh.com;chorvay@sugarfgh.com;joconnor@sugarfgh.com;mbrandess@sugarfgh.com;bkdocket@sugarfgh.com
- Brian J Jackiw    brianj@restructuringshop.com
- Vivek Jayaram    vivek@jayaramlaw.com
- Gregory J Jordan    gjordan@jz-llc.com
- Danielle Juhle    danielle.juhle@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- Mohsin N Khambati    mkhambati@dl.com, courtalert@dl.com
- Kathryn A Klein    iln@riezmanberger.com
- Randall Klein    randall.klein@goldbergkohn.com, amy.halpin@goldbergkohn.com;logan.stortz@goldbergkohn.com
- Richard S Lauter    rlauter@freeborn.com, bkdocketing@freeborn.com;jhazdra@ecf.inforuptcy.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

QB\34307751.2

- Joanne Lee    jlee@foley.com, khall@foley.com
- Mark E Leipold    mleipold@gouldratner.com, srodriguez@gouldratner.com;lgray@gouldratner.com
- Neil Lloyd    nlloyd@schiffhardin.com, edocket@schiffhardin.com
- Terri M Long    Courts@tmlong.com
- Joseph Marconi    marconij@jbltd.com, kotsiovost@jbltd.com
- Karen Newbury    knewbury@schiffhardin.com, edocket@schiffhardin.com;rkaferly@schiffhardin.com
- Andre Ordeanu    andre@zanesmith.com, Patty@Zanesmith.com;Kelly@Zanesmith.com;Zane@Zanesmith.com;Nichole@Zanesmith.com
- Lester A Ottenheimer, III    lottenheimer@olawgroup.com, nfishkin@olawgroup.com
- Lars A Peterson    lapeterson@foley.com, khall@foley.com
- James M Philbrick    jmphilbrick@att.net
- Jeffrey R Platt    jplatt@comananderson.com
- Mark L Radtke    mradtke@shawfishman.com, jbunton@shawfishman.com
- Bryan I Schwartz    bschwartz@lplegal.com
- Michael T Shelton    michael.t.shelton@irscounsel.treas.gov
- Nury A Siekkinen    nsiekkinen@millershakman.com, upavlovic@millershakman.com
- Jason R. Sleezer    jsleezer@skcounsel.com, rybarra@skcounsel.com
- James B. Sowka    jsowka@seyfarth.com, chidocket@seyfarth.com;ctholen@seyfarth.com
- Konstantine T. Sparagis    gsparagi@yahoo.com, Gus@konstantinelaw.com;Morgan@konstantinelaw.com;Drew@konstantinelaw.com
- Lawrence A. Stein    lstein@huckbouma.com, lkoster@huckbouma.com
- Jeffrey Strange    jstrangelaw@aol.com, bowl1901@aol.com
- Amir R Tahmassebi    amir@konicekdillonlaw.com
- Pia N Thompson    pthompson@gouldratner.com, bburns@gouldratner.com
- Steven B Towbin    stowbin@shawfishman.com
- Daniel A Zazove    docketchi@perkinscoie.com

/s/ Christopher Combest
Christopher Combest

3

QB\34307751.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>GEI-RP,<br><br>　　　　Consolidated Debtor. | Chapter 7<br><br>Case No. 11-06098<br>(Substantively Consolidated)<br><br>Hon. Eugene R. Wedoff<br><br>**Hearing Date: April 28, 2015**<br>**Hearing Time: 10:00 a.m.** |

**TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTORS' CONSOLIDATED ESTATE TO OAK POINT PARTNERS, INC. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363, TO LIMIT NOTICE, AND FOR RELATED RELIEF**

Philip V. Martino, the duly appointed and serving chapter 7 trustee ("Trustee") for the consolidated bankruptcy estate administered through the captioned case, hereby requests entry of an order, pursuant to 11 U.S.C. §§ 105 and 363, approving the sale of certain assets of the consolidated estate to Oak Point Partners, Inc. ("**Oak Point**"), an Illinois corporation, free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363. In support of this Motion, Trustee states:

**Jurisdiction**

1.　The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 40.3.1 of the Local Rules of the United states District Court for the Northern District of Illinois. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.　The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and

QB\34307751.2

363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

## Background

3. On February 16 and 17, 2011, thirty-three voluntary petitions for relief were filed under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. (the "**Code**") by GEI and certain of its affiliates.

4. Pursuant to Code §§1107(a) and 1108, the thirty-three debtors (collectively, "**Debtors**") initially operated their businesses and managed their financial affairs as debtors in possession.

5. On May 12, 2011, upon the motion of the United States Trustee, the Court appointed Philip V. Martino to be the Trustee for each of the Debtors, thereby taking the Debtors out of possession and placing their assets and businesses under the control of the Trustee.

6. On November 8 and 9, 2011, the Court entered orders in the individual chapter 11 cases of each of the Debtors, which orders, collectively, consolidated the assets and liabilities of the Debtors into one estate (the "**Consolidated Estate**"), administered in the name of "**Giordano's Enterprises, Inc.**" and under Consolidated Case No. 11-06098 ("**Consolidated Case**").

7. On May 1, 2012, the Court entered an order converting the Consolidated Case to one under Chapter 7 of the Bankruptcy Code. On May 2, 2012, the United States Trustee appointed Philip V. Martino to be the chapter 7 Trustee for the Consolidated Estate.

8. On March 16, 2015, Trustee filed a motion (Docket No. 1486, the "**Abandonment Motion**") to abandon the interest of the Consolidated Estate in any potential, contingent, unliquidated claim or claims (collectively, the "**Claim**") against a certain cash settlement fund to be created pursuant to the class action settlement (the "**Settlement**") approved

by the United States District Court for the Eastern District of New York (the "**New York Court**") in the litigation entitled *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, Case No. 1:05-md-01720-JG-JO (the "**Action**").

9. As described in more detail in the Abandonment Motion (Aband. Mot. at 2-5), upon learning from a third-party claims purchaser of the possible existence of the Claim, the Trustee investigated the underlying Action and the terms and status of the Settlement, obtained as much information as reasonably possible to supply to potential purchasers of the Claim, including obtaining an analysis from his financial advisor, Development Specialists, Inc., and supplied a package of such information to (a) all entities with a known interest in purchasing the Claim and (b) all entities with a known interest in purchasing residual assets of the Consolidated Estate generally ((a) and (b), collectively, the "**Potential Purchasers**").

10. As further explained in the Abandonment Motion, as of the date that Motion was filed, Trustee had received no indications of interest regarding a purchase of the Claim from any recipient of the information package.  However, he served the Abandonment Motion on all Potential Purchasers and afforded them another opportunity to submit offers for the Claim before the hearing on the Abandonment Motion (Aband. Mot. at 6).

11. As a result of service of the Abandonment Motion, Trustee received (a) one offer for the Claim and (b) one offer for a package of assets consisting of (i) the Claim and (ii) any other property of the Consolidated Estate, consisting of unknown assets or claims, which have not been previously sold, assigned, transferred, encumbered or otherwise administered (the Claim and such other assets, if any, the "**Remnant Assets**").  Oak Point offered substantially higher cash consideration than did the offeror who bid for the Claim alone.

12. Trustee has no knowledge of the existence of any Remnant Assets other than the

3

Claim, and Oak Point has acknowledged that Trustee can make no representations or warranties regarding whether or not any other Remnant Assets exist and whether any Remnant Assets, including the claim, have any value.

13. The Trustee has negotiated an agreement ("**Purchase Agreement**") with Oak Point for the sale of the Remnant Assets. A copy of the Purchase Agreement is appended as Exhibit A to this Motion.

## Relief Requested

14. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Federal Rule of Bankruptcy Procedure 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

15. The Purchase Agreement provides for a purchase price of $12,000.00 ("**Purchase Price**") for all Remnant Assets to be paid by Oak Point to the Trustee for the benefit of the Debtor's estate.

16. In accordance with the Purchase Agreement, the Remnant Assets do not include cash held by the Trustee as of the date of the Purchase Agreement or the Purchase Price for the Remnant Assets.

17. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sale price, and is in any event the highest and best offer, for the sale of the Remnant Assets. As explained in the Abandonment Motion, the Claim has been and will continue to be difficult to monetize, including because (a) the Settlement from which the Claim arises remains on appeal, and the claims administrator appointed in the Action cannot predict when the appeal process will conclude or what the effect upon claimants in the Action will be if the Settlement is

overturned; (b) the information available to support the Claim (regarding sales volume at company-owned restaurants over an 8-year period) is incomplete, and (c) Trustee is unable to make any representations regarding the accuracy and completeness of the information he has been able to assemble.

18. As to the existence of other Remnant Assets, Trustee has been in place for almost four years and has supervised the sale of all known estate property. He has no reason to believe any further assets exist or, if they do, that they could be identified and liquidated expeditiously. The benefit of receiving immediate payment for assets which are, at minimum, contingent and, at most, hypothetical, outweighs the potential benefits of searching for such assets and liquidating them.

19. Moreover, disposition of the Claim is the final matter preventing the closing of the Debtors' cases and final distribution of cash to creditors of the Consolidated Estate.

20. For the foregoing reasons, Trustee believes that the sale of the Remnant Assets in accordance with the terms of the Purchase Agreement best serves the interests of the Consolidated Estate and its creditors as the sale will allow Trustee to realize additional funds for the benefit of the estates.

## Authority for Requested Relief

21. *Sale Free and Clear under Code §363(f)*: In order for a court to approve a request for the use or sale of property of the estate outside the ordinary course of business, a court must find that the proposed course of action is supported by sound business reasons. *See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1071 (2nd Cir. 1983); *see also In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1993); *Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268, 273 (S.D.N.Y. 1996); *In re Caldor, Inc.- NY*, 193 B.R. 182, 187

5

(Bankr. S.D.N.Y. 1996); *In re Thomas McKinnon Securities, Inc.*, 120 B.R. 301 (Bankr. S.D.N.Y. 1990). In reviewing such proposed transactions, courts should give substantial deference to the business judgment of the trustee or debtor-in-possession. *See e.g., Esposito v. Title Inc. Co. of Pa. (In re Fernwood Mkts.)*, 73 B.R. 616, 621 n.2 (Bankr. E.D. Pa. 1987).

22. In the exercise of his sound business judgment and in reliance on the efforts made to monetize the Claim, Trustee believes that the sale of the Remnant Assets to Oak Point in accordance with the terms of the Purchase Agreement will maximize value to the Consolidated Estate.

23. Except to the extent provided in the Purchase Agreement, effective upon his receipt of the Purchase Price, Trustee seeks authority to transfer to Oak Point all right, title, and interest in and to the Remnant Assets free and clear of liens, claims, charges, interests (including security interests), and other encumbrances of any kind or nature to the full extent authorized by Code §363(f). The Debtors' obligations to its former senior secured lender, Fifth Third Bank, have been paid in full, and Trustee is aware of no other entity holding a lien on or security interest in any assets of the Consolidated Estate.

24. *Section 363(m) and 363(n):* Trustee and Oak Point negotiated the Purchase Agreement at arm's length, in good faith, and without collusion or other misconduct within the meaning of Code §§363(m) and 363(n). There has otherwise been no conduct which would cause the Purchase Agreement to be avoided under Code §363(n). Accordingly, the Consolidated Estate and Oak Point are entitled to the protections of Code §§363(m) and 363(n) with respect to the instant transaction.

25. *Relief From Bankruptcy Rules 6004(h)*: Trustee is winding down the Consolidated Estate. Because the Debtors are no longer operating, and the case has converted to

a Chapter 7 proceeding, they are not generating income to fund the wind-down process. Obtaining cash for remaining assets expeditiously is therefore important to the Trustee's ability to fund the work necessary to close the Consolidated Estate.  Trustee is aware of no entity that holds an interest in the assets of the Consolidated Estate.  The Trustee therefore believes that there is no reason to delay the sale closing and asks that the automatic stay provisions of Fed. R. Bankr. P. 6004(h) be waived and that the Sale Order be effective immediately upon entry.

## Notice

26.    This Motion has been filed electronically, and notice thereof will be provided electronically on the date hereof, via the Court's CM/ECF System, to (a) counsel for the United States Trustee, and (b) entities, or their counsel, who have filed a notice of appearance through the Court's CM/ECF System.  Also on the date hereof, the Trustee will serve a copy of the Motion and proposed order via first-class U.S. Mail upon Oak Point.

27.    The Trustee submits that those creditors with a significant interest in Debtors' cases have already filed appearances and are receiving electronic notices or are otherwise able to monitor the proceedings electronically.  Therefore, service of notice of this Motion on all creditors would impose costs on the Consolidated Estate without significantly furthering the purposes of Fed. R. Bankr. P. 2002(a)(2).

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Dated: April 7, 2015

PHILIP V. MARTINO, not individually, but solely as chapter 7 trustee for the captioned consolidated estate

By:   /s/ Christopher Combest
      One of his attorneys

Christopher Combest
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654-3406
Phone: (312) 715-5000
FAX: (312) 632-1727
christopher.combest@quarles.com